### WILLIE WYATT V. THE STATE.

#### No. 4156.   Decided December 12, 1908.

**1.—Robbery—Indictment—Degrees of Offense.**

Where the indictment charged an ordinary robbery by assault, and the evidence showed that defendant if he robbed prosecuting witness used a pistol, this was a matter of which he could not complain; although the State could have charged a higher grade of offense.

**2.—Same—Evidence—Other Offenses—Intent—Res Gestae—Limiting Testimony.**

Upon trial for robbery where the evidence failed sufficiently to identify the defendant, there was no error in the court permitting the introduction of testimony of other attempted previous robberies, to show intent, res gestae, and the identity of the defendant; but the court should have limited this testimony to the purpose of identification, and it was reversible error not to have done so.   Ramsey, Judge, dissenting.

**3.—Same—Accomplice—Charge of Court.**

Where upon trial for robbery the evidence showed that a State's witness had purchased the property obtained in the robbery from defendant, the court should have submitted the issue vel non to the jury as to whether or not said witness was an accomplice.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of admitting testimony of other offenses:   Ware v. State, **36** Texas Crim. Rep., 597.   On question of limiting testimony:   Burks v. State, 24 Texas Crim. App., 326; Washington v. State, 23 Texas Crim. App., 336; Thornley v. State, 36 Texas Crim. Rep., **118.**

BROOKS, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of ten years.

Appellant, in company with another party, on the night of the 16th of November, 1907, while strolling on Bryan Street in front of the St. Paul's sanitarium, came upon the prosecuting witness. Appellant knocked the prosecuting witness in the head with a pistol

or bludgeon and robbed him of his watch and ten dollars in silver. Evidence was also introduced which showed that on the same night before this robbery—within an hour thereof—that appellant and the other party, whose name was Jones, held up two other parties and tried to rob them.

Appellant contends that the evidence does not sustain the conviction, because the indictment charges an ordinary robbery by assault, and the evidence shows appellant, if he robbed prosecuting witness, used a pistol. This is a matter of which appellant can not complain. It was nevertheless robbery whether he did it with a pistol or without a pistol. It is true, the State could have charged a higher grade of offense, but having neglected to do so, it is not a matter of which appellant can complain.

Appellant further objects to the evidence being introduced of the other attempted robberies. The evidence fails to identify the appellant with that degree of conclusiveness necessary, or at least there is not a strong case made out of identification. This being true, it was proper for the court to permit the introduction of the attempted robberies since the evidence conclusively shows that whoever attempted the previous robberies did commit the robbery now under consideration. We have uniformly held that evidence which goes to show intent, or is part of the res gestae, or that serves to identify the defendant as the party who committed the crime, although said evidence may prove other and different crimes, that same is admissible for the purpose stated. But appellant is correct when he insists that the court should have limited the testimony for the purpose for which it was admissible, to wit: identification, and in that connection should have told the jury that they must not consider said previous attempts at robbery for any other purpose save and except to identify the defendant as the party who committed the robbery then on trial. See Burks v. State, 24 Texas Crim. App., 326; Washington v. State, 23 Texas Crim. App., 336, and Hill v. State, 44 Texas Crim. Rep., 603; Denton v. State, 42 Texas Crim. Rep., 427; 60 S. W., 670; McAnally v. State, 73 S. W. Rep., 404.

Upon the trial of the case the State introduced a witness by the name of Joe Winterman, by whom the State proved that he bought the watch in question from appellant. The testimony shows for the defense that Winterman at the time he purchased the watch erased a picture from the back of the watch, and would not buy the watch with the picture in it, and scratched it out. It is true Winterman denied this, but still if he did scratch the picture which served to identify the watch from the back thereof, it would be a strong and cogent circumstance to show that he was buying stolen property or property that was received by virtue of a robbery. If he did, this would make him an accomplice. The court should have submitted the issue vel non to the jury as to whether or not the witness Joe Winterman was an accomplice.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

RAMSEY, JUDGE (dissenting).—I agree that the testimony complained of was admissible, but I am compelled by the most settled conviction to dissent from the conclusion reached by the majority as to the necessity of limiting the evidence of the witnesses as to the extraneous crimes admitted to connect appellant with the burglary for which he was tried. I hold these truths to be self-evident: (1) That where it is sought to identify a defendant as the person guilty of a crime for which in any case he is on trial, that proof of extraneous crimes is never admissible unless it is of such character as furnishes evidence of his identity and connection with the offense then being tried. (2) That the converse of this proposition is equally true, and if such proof does establish his identity and connection with the offense being tried, same is always admissible. (3) That in such case the evidence of other offenses is not admissible, merely because there are other offenses, but as links in the chain of inculpatory and incriminating facts which trace the movements of the defendant, locate him at the place of the crime for which he is being tried, and connect him therewith, and that in such case it is not only not required, but would be improper to limit such testimony. Thornley v. State, 36 Texas Crim. Rep., 118.