**Johnny Ray JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48480.**

Court of Criminal Appeals of Texas.

May 29, 1974.

Melvyn Carson Bruder (court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., and William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, imprisonment for forty years.

The appellant first complains that evidence of an extraneous offense was erroneously admitted. The State's proof shows that the appellant robbed the same victim on two occasions, both on the 15th and 29th of September, 1971.[1] The appellant did not testify in the presence of the jury and presented no evidence in his defense during the guilt-innocence phase. The State argues that reversible error is not reflected because there was not a sufficient objection to preserve error. We need not determine whether the objection was sufficient since we sustain the appellant's ground of error number three and reverse the judgment.

1. The indictment in this appeal alleged the commission of the robbery on September 15, 1971. The appellant's conviction for the robbery occurring on September 29, 1971, has recently been affirmed by this Court. See Johnson v. State, 504 S.W.2d 496 (Tex.Cr. App.1974). Two other judgments of conviction of this same defendant have been affirmed by this Court recently. See Johnson v. State, 503 S.W.2d 280 (Tex.Cr.App.1973).

■■ In ground of error number three the appellant complains that the trial court erred in refusing to submit an instruction limiting the jury's consideration of the extraneous offense proved by the State. The record reflects that there was a timely request made in writing that the Court limit the jury's consideration of the proof of the extraneous offense to the issue of identity. The Court failed to respond to this request and the charge submitted did not limit the jury's consideration of the evidence of the extraneous offense. The Court's failure to respond to this request was error. Where evidence of extraneous offenses is admitted to show identity, there is a danger the jury may consider the extraneous offenses not only on the issue of identity, but also on the issue of the defendant's guilt of the charged offense,[2] and a limiting instruction must be given if properly requested. Wyatt v. State, 55 Tex.Cr.R. 73, 114 S.W. 812 (1908); see 1 Branch's Ann.P.C.2d, § 210, at p. 240; 31 Tex.Jur.2d, Instructions, § 146 at p. 721; see also Curry v. State, 169 Tex.Cr.R. 195, 333 S.W.2d 375 (1960); Ernster v. State, 165 Tex.Cr.R. 422, 308 S.W.2d 33 (1957).

■ The State urges that the jury need not be instructed to limit their consideration of evidence which goes to prove one of the main issues in the case. In this case that issue is the appellant's identity. The State cites and relies upon Dillard v. State, 477 S.W.2d 547 (Tex.Cr.App.1971); Lacy v. State, 424 S.W.2d 929 (Tex.Cr. App.1968); Cox v. State, 316 S.W.2d 891 (Tex.Cr.App.1958) and Arcos v. State, 120 Tex.Cr.R. 315, 29 S.W.2d 395 (1930).

The State has misapplied the rule of law which they have stated.[3] This rule does not apply where the evidence in question is evidence of an extraneous offense, admitted on the issue of identity.

Dillard v. State, supra, does not support the State's position. That opinion concerning the admission of extraneous offenses states:

"The trial judge charged the jury to consider the testimony only for the purpose of identity."

In Lacy v. State, supra, the opinion of the majority of the Court on original submission would seem to support the state's position here. However, on appellant's motion for rehearing the majority of the Court retreated to the position that the appellant's objection to the charge was insufficient to preserve error. On original submission Judge Morrison dissented, citing many cases supporting the giving of such a charge. On motion for rehearing Judge Onion, joined by Judge Morrison, dissented to the overruling of the Appellant's Motion for Rehearing on the ground that the trial court had erred in refusing to submit a limiting instruction concerning the jury's consideration of the extraneous offense. Judge Onion's opinion discusses and distinguishes Arcos v. State, supra.

In Cox v. State, supra, the conviction was for consenting to accept a bribe. Two witnesses, Shelton and Johnson, testified that Cox solicited a bribe from them. A part of that opinion reads:

"The testimony of Shelton and Johnson showed a solicitation by the appellant of a bribe. At that time (1955), however, it was not an offense under the statute law of this state for an officer to solicit a bribe."

The opinion also states in regard to the testimony of Shelton and Johnson that:

"At the time this testimony was offered the trial court orally instructed the jury that the testimony was limited to

---

2. In the case before us, the evidence of the extraneous offense is as strong as the evidence of the charged offense.

3. The rule relied on by the State is well known and is properly applicable in many

instances, e. g., where the extraneous offense shows the defendant's motive, intent or malice. See Thames v. State, 453 S.W.2d 495 (Tex.Cr.App.1970); Moss v. State, 364 S.W.2d 389 (Tex.Cr.App.1963).

their consideration thereof upon the question of intent, if the same did, in fact, have any relation to or did show appellant's intent. In his charge the trial court expressly limited the jury's consideration of the testimony 'for the purpose of showing, if it does, intent, if any, by or under which the offense, if any, alleged in this indictment was committed, if the same was committed, and for no other purpose.' "

Thus, Cox v. State, supra, does not support the State's position in this case.

The questions presented in the remaining two grounds of error concerning jury argument and pretrial identification are not likely to present the same problems in the event of another trial and discussion of these grounds of error is unnecessary here.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.