John Handy JONES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 61511–61514.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 19, 1979.

---

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., J. T. Langford and James K. Johnson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeals are taken from convictions for bribery (two convictions), delivery of marihuana, and possession of cocaine. Appellant pled guilty to the court on all four charges. Punishment was assessed by the court at three years for each offense.

Appellant contends that the convictions for bribery and delivery of marihuana were barred as he had previously been convicted of an offense from the same transaction. Appellant's challenge to the validity of the conviction for possession of cocaine is based on his contention that the allegations in the indictment cannot support the conviction.

The indictment in Cause No. F–76–5531–PJ (our Cause No. 61,514) alleged, *inter alia,* that the appellant agreed to pay a bribe to Richard Sullivan, the Addison Police Chief, by paying $1,000 on or about June 1, 1976. The indictment in Cause No. F–76–5530–PJ

(our Cause No. 61,513) was identical to the one in Cause No. F–76–5531–PJ, except that it alleged a payment of $3,000 on or about June 4, 1976.

The indictment in Cause No. F–76–5528–PJ (our Cause No. 61,511) alleged that the appellant intentionally delivered more than the one-fourth ounce of marihuana to Richard Sullivan on or about June 15, 1976.

Appellant contends that these three convictions were barred by his previous conviction for a related offense. He maintains that these subsequent prosecutions were barred by double jeopardy provisions of the Fifth Amendment of the United States Constitution and Art. I, Sec. 14 of the Texas Constitution.

A bill of exception was made part of the record of each of these causes in order to establish the facts regarding appellant's prior conviction. This bill was timely filed and approved by the trial court, and is properly before us.

The bill of exception reflects that the appellant was indicted in Cause No. F–76–5527–PJ for bribery. This indictment was identical to the two bribery indictments mentioned above except that it alleged a payment of $12,000 on or about June 19, 1976. On August 23, 1976, trial was had on the indictment in Cause No. F–76–5527–PJ. Appellant pled not guilty to a jury, was found guilty, and received punishment of ten years, probated. No appeal was taken from this conviction.

At that trial (Cause No. F–76–5527–PJ), evidence of the June 1, 1976 payment and the June 4, 1976 payment was introduced over appellant's objection. No evidence was entered showing that appellant had made a payment of $12,000 on June 19, 1976. The court charged the jury that appellant could be convicted if they believed beyond a reasonable doubt that appellant gave Richard Sullivan any sum of money for the purposes of bribery at any time within the period of limitations.

The State argues that appellant should have raised this issue in a pretrial hearing, and his failure to do so bars our review.

Further, the State maintains that the subsequent convictions were for separate and distinct offenses, and thus double jeopardy does not apply.

■ The record reflects that a motion entitled a Special Plea of Double Jeopardy was filed in the trial court before appellant pled guilty. Regardless of the proceedings below, a plea of former jeopardy may be raised for the first time in this Court. *Ex parte Evans*, 530 S.W.2d 589; *Muncy v. State*, 505 S.W.2d 925. The question of double jeopardy is properly before us.

■ In *Walker v. State*, 473 S.W.2d 499, this Court stated that:

"If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction was had. Branch's Ann.P.C., 2d ed., Sec. 651, and cases cited therein." 473 S.W.2d at 500.

*McCaleb v. State*, Tex.Cr.App., 537 S.W.2d 728; *Ellis v. State*, 167 Tex.Cr.R. 87, 318 S.W.2d 655. Appellant's subsequent convictions for bribery are clearly within this rule. We find that appellant's bribery convictions must fall.

■ Appellant's conviction for delivery of marihuana does not suffer from the same infirmity. The record does not reflect that evidence of the delivery of marihuana was entered at the first trial, nor that the conviction for bribery relied in any way on the proof of the delivery. Further, it is clear that the delivery of marihuana was not the "same offense" as the bribery charge involved in F–76–5527–PJ.

■ Appellant's conviction for delivery of marihuana likewise does not violate the doctrine of carving. There is no common element upon which the convictions for delivery of marihuana and bribery would rely. See, *Ex parte Fitch*, Tex.Cr.App., 580 S.W.2d 372; *Hawkins v. State*, Tex.Cr.App., 535 S.W.2d 359; *Ex parte Jewel*, Tex.Cr.App., 535 S.W.2d 362.

Appellant contends that his conviction in F–76–5529–PJ (our Cause No. 61,512) for possession of cocaine was void as there was no valid indictment charging that offense. The record reflects that the indictment alleged the *delivery* of cocaine.

The gist of appellant's argument is that although possession of a controlled substance can be a lesser included offense of delivery, it is also possible that possession is not a lesser included offense. This is because it is possible to be guilty of delivery for the "constructive transfer" of the controlled substance, which would not require that the person actually possess the substance. Thus, appellant argues that since the indictment did not specify whether the delivery was actual or constructive, we cannot find that possession was a lesser included offense without more facts being presented.

The State argues that since the appellant judicially confessed to the possession of cocaine that this would support a finding that possession was a lesser included offense of the delivery allegations in the indictment.

To determine whether the conviction for possession was authorized under this indictment, we must decide whether possession is a lesser included offense of delivery under the facts of this case. The relevant test is whether the lesser offense could be proved by the same facts necessary to establish the offense charged. *Hazel v. State*, Tex.Cr.App., 534 S.W.2d 698; *Day v. State*, Tex.Cr.App., 532 S.W.2d 302; Art. 37.09, V.A.C.C.P.

Possession of a controlled substance *could be proved* by the same facts necessary to establish a delivery of a controlled substance. Appellant's judicial confession establishes his actual possession, and with proof of the additional fact of "transfer," he could have been convicted of delivery. We find that appellant's conviction for possession of cocaine under the indictment for delivery of cocaine is valid.

Appellant's convictions in Cause Nos. F–76–5530–PJ and F–76–5531–PJ (our Cause Nos. 61,513 and 61,514) are reversed and it is ordered that no further prosecution to be had for those offenses. Appellant's convictions in Cause Nos. F–76–5528–PJ and F–76–5529–PJ (our Cause Nos. 61,511 and 61,512) are affirmed.