Charles HITCHCOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 60147.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 18, 1981.

Joseph Chagra, Joseph (Sib) Abraham, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for indecency with a child. Punishment was assessed at confinement for six years.

In his first ground of error appellant contends that the trial court erred in overruling his request for an instruction in the court's charge limiting the jury's use of extraneous offenses admitted during the trial. At trial evidence was adduced which tended to prove appellant's commission of the offenses of rape, incest, and sodomy.

Appellant objected, in writing, to the charge and requested "that the court give a proper instruction in its charge to the jury as to the reasons for said offenses and the weight they should be given and how the jury should consider them." The appellant was entitled to an instruction from the court limiting the jury's consideration of extraneous offenses to those purposes for which they were admitted. See *Bates v. State*, 305 S.W.2d 366, 367 (Tex.Cr.App.); see also *Johnson v. State*, 509 S.W.2d 639, 640 (Tex.Cr.App.).

The State misplaces reliance upon several of our cases for the proposition that the overruling of the objection to the charge presents no reversible error. *Thames v. State*, 453 S.W.2d 495, 499–500 (Tex.Cr. App.) illustrates the rule that a requested instruction too narrowly drawn by a defendant may be properly refused. There, a defendant requested that extraneous offenses be limited to the issue of identity. This request was properly refused since the extraneous offenses were also admissible "to prove the main issues in the case such as malice and intent as well as motive, and the court did not err in refusing to limit the charge as requested by appellant to the identity of appellant."

*Johnston v. State*, 418 S.W.2d 522, 528 (Tex.Cr.App.), indicates that absent a requested charge or an objection to the charge, the failure to make any limitation upon extraneous offenses admissible for

several purposes presents no error. *Johnston* has no bearing on the instant case since there was a proper objection to the court's charge. Also *O'Neal v. State*, 421 S.W.2d 391 (Tex.Cr.App.), and *Williams v. State*, 490 S.W.2d 604 (Tex.Cr.App.), are of no help to the State's position. Those cases merely hold that in certain instances evidence of extraneous offenses are *admissible*. The subject of *limiting instructions* is not discussed.

Hence a limiting instruction was required in this case upon appellant's timely objection to the court's charge. See *Johnson v. State*, 509 S.W.2d 639, 640 (Tex.Cr.App.)

The judgment is reversed and the cause remanded.