Douglas Merwin PINNEY, Appellant,

v.

The STATE of Texas, State.

No. 2–83–363–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 14, 1984.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

OPINION

FENDER, Chief Judge.

Appellant was convicted by a jury of aggravated rape and punishment fixed at twenty years. Appeal has been taken on fourteen specified grounds of error and one conglomerate ground. Sufficiency of the evidence not having been raised it will not be necessary to detail the rather indelicate facts involved except where necessary to each individual ground of error.

We affirm.

In ground of error number one Appellant complains of jury misconduct in that the jury reached a "quotient" verdict. Evidence presented at the motion for new trial hearing revealed that the jurors totaled the recommendations of each of the jurors and divided the sum by twelve. This

procedure was by agreement among the jurors but, in the opinion of the trial judge, the testimony did not reflect an agreement to be bound by the result. The Court of Criminal Appeals has held that when jurors use an averaging device, such as a quotient, without agreeing to be bound by the outcome of such a process, there is no error. *Martinez v. State*, 496 S.W.2d 612 (Tex.Crim.App.1973).

■■■ In grounds of error two, three and four Appellant alleges three fundamental errors in the court's charge. We have examined the court's charge and compared same to the indictment. Suffice it to say that the court charged as to the law and applied the law to the facts in a manner consistent with the offense set forth in the indictment and sufficient to charge *an* offense under applicable law. Thus, no fundamental error has been committed. No objection having been made at trial and no suggested charge having been submitted to the trial judge and refused, there is nothing before this court to review. *See Gipson v. State*, 503 S.W.2d 796 (Tex.Crim. App.1974).

■ In grounds of error five, six and seven, Appellant complains of the court's charge on an extraneous offense, proof of which was allowed in connection with identification of the Appellant. Appellant claims that the charge was:

(1) A comment on the evidence in that it affirmatively charged that Appellant was the person who entered the apartment of a neighbor shortly before a similar entry which resulted in the instant charge.

(2) A comment on the evidence because it affirmatively denominated such entry of a nearby apartment as a criminal offense.

(3) A misstatement of the law in permitting the jury to find that such entry of a nearby apartment was an extraneous offense.

The charge in question reads as follows: You are further instructed that if there is any testimony before you in this case regarding the defendant's having committed an offense other than the offense alleged against him in the indictment, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such offense, if any was committed, and even then you may only consider the same in determining the identity of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment, and for no other purpose.

Now if you have a reasonable doubt as to the presence of the defendant at the place where the alleged extraneous offense was committed on or about July 19, 1982, if an offense was committed, at the time of the commission thereof, then you will not consider the same as any evidence in this case.

An examination of the charge (above) reflects no statement that Appellant entered the nearby apartment nor any statement that such entry was, in fact, an offense. Appellant does not point out wherein this charge is legally defective nor furnish any applicable authority to form the basis for a holding by this Court to such effect. The wording of the charge contains sufficient provisos, i.e. "if any" to properly limit the jury's consideration of the evidence. No error is perceived.

■ In ground of error number eight Appellant complains of the action of the trial court in overruling a motion to quash the indictment for failure to specifically describe how acts of "threats and force" were committed against the victim. The indictment read, in pertinent part:

"Douglas Merwin Pinney ... by threats and force, and without her consent, had sexual intercourse with R———— A————. [the injured party] ..."

In *Brem v. State*, 571 S.W.2d 314 (Tex. Crim.App.1978), the indictment alleged that Brem had sexual intercourse with the complainant "without the consent of the complainant, by force and threats." We hold that the wording in the instant cause fur-

nishes the same notice of the kind of lack of consent as the wording in *Brem, id.* Ground of error number eight is overruled.

■ In ground of error number nine Appellant complains of a denial of effective assistance of counsel by reason of the failure of the State to provide the name of witness Lafread McMinn despite the discovery order of the trial court requiring the prosecutor to provide the name of all witnesses upon whom the State would rely. The record reflects that counsel for the State thought the witness's name was Freada McMinney; Appellant's counsel urged that the name furnished was Freada McMinnick; and the witness volunteered "I have been called every name, McMinnow, McMinnick." There is no showing that defense counsel sought "Freda McMinnick" but could not locate her; that defense counsel was denied the right to talk to the witness prior to her testimony; that defense counsel asked for a continuance or recess to pursue further investigation; or that the prosecutor in any way acted in bad faith. The sum total of the brief testimony of the witness McMinn (or rebuttal) was that Appellant had an easily distinguishable voice and bad teeth. We fail to see how Appellant has shown any great harm under the circumstances. Appellant's ground of error number nine is overruled. *See Pinkerton v. State,* 660 S.W.2d 58 (Tex.Crim. App.1983).

■ In grounds of error ten and eleven, Appellant complains of the following statement made by the prosecutor during voir dire of the jury venire:

"The Defendant has a right not to incriminate himself ..." (Interrupted by objection)

on the ground that such constitutes a comment on the failure of the defendant (Appellant) to testify. Appellant concedes that the matter is probably foreclosed by this Court's decision in *Walters v. State,* 628 S.W.2d 526 (Tex.App.—Fort Worth 1982, no pet.), but asks that we reconsider our position in *Walters.* In declining to do so we look beyond *Walters* and observe the action of the Texas Court of Criminal Ap-

peals in *Ramos v. State,* 419 S.W.2d 359 (Tex.Crim.App.1967) where, *in final argument,* the prosecutor stated:

"UNDER OUR LAWS AFTER A MAN IS ARRESTED HE CANNOT BE COMPELLED TO GIVE EVIDENCE AGAINST HIMSELF. HE DOESN'T HAVE TO TAKE THE STAND. IT'S IN THE CHARGE ..." [all caps in original petition] (Interrupted by objection).

The prosecutor's argument in the instant cause during voir dire is certainly no more a prejudicial statement than the above approved quotation which was made after it was known that the defendant would not testify. Grounds of error ten and eleven are overruled.

■ In grounds of error twelve and thirteen Appellant complains of the failure of the trial court to order the taking of the deposition of the injured party. Appellant claims that the victim reported to police officers that Appellant had some abnormality in his genitals but that the injured party would not talk to Appellant's investigator and describe such abnormality. Appellant's counsel knew of this report at least five months before the trial; the names of the police officers to whom such a report might have been made were known to counsel; and most importantly the appellant was in continual possession of the subject matter so that witnesses, expert or otherwise, could have examined his genitals at any reasonable time. We find no abuse of discretion on the part of the trial court and overrule grounds of error twelve and thirteen.

■ In ground of error fourteen Appellant complains of the introduction into evidence of certain items taken from his person at the time of his arrest on the ground that such arrest was not lawful. Two police officers were seeking a person named Doug, white male, mid-thirties, six-foot to six one, and who was a maintenance man at the apartment complex where the rape occurred. The officers went to said complex and were informed by the manager that the description fit someone em-

ployed there and that his last name was Pinney. Appellant approached and one officer confronted him and requested identification. Appellant thrice failed to respond beyond saying, "Why am I under arrest for burglary? I work here." After the third request for identification, Appellant became loud and profane, upon which he was placed under arrest. Failure to identify one's self to a police officer on legitimate business is a misdemeanor under TEX.PENAL CODE ANN. Sec. 38.02 (Vernon 1974). This offense was committed in the presence of the officer. The subsequent arrest was legal. The ensuing search was lawful. The evidence was properly admitted. Ground of error number fourteen is overruled.

As a fifteenth ground of error Appellant complains of cumulative error and sets forth all fourteen grounds previously urged. Since we have denied each ground without deeming any of them as harmless error, we need not consider this multifarious complaint.

The judgment below is affirmed.