**Robert Ralph JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14-84-691-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1985.*

---

Benjamin F. Walker, San Antonio, George Chandler of Chandler & Associates, Baytown, for appellant.

Michael R. Little, Dist. Atty. of Chambers Co., George L. Clapper, Asst. Dist. Atty., Anahauac, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a conviction of aggravated sexual assault. We reverse.

Appellant was indicted on January 12, 1984, for the offense of sexual assault of a child under the age of seventeen, a second degree felony. On August 23, appellant was reindicted for aggravated sexual assault of a child under the age of fourteen, a first degree felony. The reindictment concerned the same alleged offense, but stated that the victim was thirteen years of age at the time of the offense. Appellant was convicted under the second indictment and was sentenced to thirty years confinement.

Following the first indictment, the appellant retained counsel and appeared for arraignment on February 2. At that time he was given notice that the trial would be on August 27. Appellant and his counsel appeared in court on the required day but objected to going to trial, demanding the ten day notice of the second indictment under article 27.11 of the Texas Criminal Code. The trial court overruled the objection.

In appellant's sole ground of error, he claims the trial court erred when it forced him to trial on August 27 without allowing ten days for preparation after the reindictment.

Article 27.11 provides that: "In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." TEX. CODE CRIM PROC.ANN. § 27.11 (Vernon 1977). Appellant argues that this should apply to his reindictment.

In *Oliver v. State,* 646 S.W.2d 242 (Tex. Cr.App.1983), the court held that 27.11 is a mandatory statute which neither requires a formal request nor a showing of harm on the part of an accused. It must be complied with upon demand when an original or new indictment is filed. Here appellant requested the statutory ten days in a timely manner. It was reversible error for the trial court not to give appellant ten days to file pleadings after being reindicted. The sole ground of error is sustained.

The judgment of the trial court is reversed.

* Motion for Rehearing granted, and Opinion filed August 22, 1985. Withdrawn, Judgment Reversed, and Substitute Opinion filed November 27, 1985.