Robert Ralph JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–159–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 17, 1986.

Benjamin F. Walker, San Antonio, for appellant.

Michael R. Little, Georgia L. Clapper, Anahuac, for appellee.

Before DRAUGHN, ELLIS and JUNELL, JJ.

## OPINION

JUNELL, Justice.

Robert Ralph Johnson appeals a conviction for aggravated sexual assault. A jury found him guilty and sentenced him to twenty years imprisonment. In his three grounds of error appellant contends that (1) his conviction was barred by double jeopardy provisions of the United States and Texas Constitutions; (2) his prior conviction in cause no. 5593 could have been based on evidence of the offense that is the subject of this prosecution; and (3) that the trial court erred in overruling his plea of former conviction. We affirm.

Appellant, a teacher and coach at a Baytown junior high school, befriended the

thirteen year old complainant who was his student. In cause no. 5605 appellant was convicted of aggravated sexual assault for having sexual intercourse with complainant on or about October 28, 1983. Prior to the conviction in cause no. 5605, appellant had been convicted in cause no. 5593 of aggravated sexual assault for having sexual intercourse with the complainant on or about November 6, 1983.

Appellant filed a plea of former conviction claiming his conviction in cause no. 5593 bars prosecution in cause no. 5605 because the same offense could have formed the basis for both convictions. Appellant argues that the instant prosecution is barred because in the trial on cause no. 5593 the court admitted evidence that he had engaged in sexual intercourse with the complainant on both October 28 and November 6, 1983. He claims the jury in the first trial could have based its guilty verdict on either offense and thus the second prosecution constitutes double jeopardy.

The indictment in cause no. 5593 alleged appellant:

"on or about the 6th day of November A.D. 1983, and anterior to the presentment of this indictment, in the County of Chambers and State of Texas, did then and there intentionally and knowingly cause the penetration of the vagina of [the complainant] who was then and there younger than 14 years of age and was not the spouse of the said Robert Ralph Johnson by the penis of Robert Ralph Johnson."

The jury charge in cause no. 5593 read in part:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, ROBERT RALPH JOHNSON, on or about the 6th day of November, A.D. 1983, in the County of Chambers and State of Texas, as alleged in the indictment, did then and there intentionally and knowingly cause the penetration of the vagina of [the complainant] who was then and there younger than 14 years of age and was not the spouse of

the said ROBERT RALPH JOHNSON by the penis of ROBERT RALPH JOHNSON, then you will find the defendant, ROBERT RALPH JOHNSON, "Guilty" of the offense of Aggravated Sexual Assault, as alleged in the indictment, and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty"."

■ In his first ground of error appellant contends his conviction in the instant case, cause no. 5605, was barred by the double jeopardy provisions of the United States and Texas constitutions and Articles 1.10 and 28.13 of the Texas Code of Criminal Procedure. The protection of the constitutional prohibition against former conviction or acquittal applies only where the second prosecution is for the same offense as that for which the person has already been in legal jeopardy. The former trial must have been upon the same identical act for which the state is again seeking to prosecute the defendant. The same offense means the identical criminal act, not the same offense by name. *Luna v. State*, 493 S.W.2d 854, 855 (Tex.Crim.App.1973).

Appellant was indicted in cause no. 5605 for aggravated sexual assault upon the complainant which occurred on or about October 28, 1983. The indictment in cause no. 5593 was based on an assault alleged to have occurred on or about November 6, 1983. The November 6, 1983 incident took place at the home of one of the complainant's female friends. Appellant and the complainant were caught in the act by the friend's mother. The October 28th assault occurred during a party at the house of a male acquaintance; various people at the party saw the couple having sex. The two assaults were separated in time, place and circumstance; only the parties involved were the same. The indictments in the two cases were clearly based on two separate criminal acts.

Appellant's second ground of error contends the prosecution in cause no. 5605 was barred because evidence of the October 28,

1983 offense was introduced in the cause no. 5593 prosecution and could have been used by the jury as the basis for the guilty verdict in cause no. 5593. The trial court gave the following limiting instruction in the first prosecution (cause no. 5593):

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent, motive, system, scheme, or design of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

■ The state is entitled to introduce evidence of extraneous offenses in prosecutions for the rape of a child. In prosecutions for statutory rape evidence of other acts of intercourse upon the complainant, either prior or subsequent to the date charged, can be utilized in determining whether the particular act relied upon by the state was committed. *Grantom v. State*, 415 S.W.2d 664, 665 (Tex.Crim.App. 1967); *Garcia v. State*, 629 S.W.2d 196, 197 (Tex.App.—Corpus Christi 1982, pet. ref'd).

■ Since appellant failed to object to the court's limiting instruction or to submit a charge of his own, nothing is preserved for review. *Pinney v. State*, 679 S.W.2d 770, 772 (Tex.App.—Fort Worth 1984, pet. ref'd). Furthermore, the court's instruction properly limited consideration of extraneous offenses to determine appellant's intent, motive, system, scheme or design. The charge in cause no. 5593 required a conviction be based on the assault which occurred on or about November 6, 1983. Nothing in the record indicates the jury disregarded the court's instruction and based its verdict on the October 28, 1983 assault. Even if the indictment in cause

no. 5593 would support a conviction in the instant case, and it will not, the mere fact that both causes were within the same statute of limitations would not preclude prosecution in this cause. The controlling factor is the proof that they were different offenses. *Luna, supra* at 855.

■ In his third ground of error appellant contends the trial court erred in overruling his plea of former conviction. Appellant relies on the rule that:

> "If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the state nor the court elects, a plea of former conviction is good upon a prosecution based upon one of said offenses, it being uncertain for which offense the conviction was had." *Jones v. State*, 586 S.W.2d 542, 544 (Tex.Crim.App.1979).

Appellant cites various cases in which either the indictment contained multiple counts and no election was made, or the court's charge authorized the jury to convict for committing an act constituting the alleged offense at any time within the period of limitations. *See, Jones, supra.*

The court's charge in cause no. 5593 properly instructed the jury to convict only if they found appellant had committed the November 6, 1983 offense. The charge restricted the jury to considering extraneous offenses only to determine motive, plan, or scheme. Nothing in the record indicates the jury failed to comply with the court's charge. The record does show that appellant failed to preserve error by filing a motion to elect or objecting to the court's charge in cause no. 5593.

The jury in cause no. 5593 could not have convicted appellant for any offense but the November 6, 1983 assault. The indictment in that case alleged only the November 6th incident; the court's charge named only the November 6th offense and properly limited consideration of extraneous offenses. We find appellant's conviction in cause no. 5605 was not barred by double jeopardy, that the conviction in cause no. 5593 was not and could not have been based on any

offense save the November 6, 1983 assault alleged in the indictment in that cause, and that the trial court properly overruled appellant's plea of former conviction. Appellant's first, second, and third grounds of error are overruled. We affirm the judgment.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the panel, I would like to record my respectful dissent.

Appellant, Robert Ralph Johnson, appeals from a judgment of conviction for the offense of aggravated sexual assault of a child, under the age of fourteen (14). Appellant plead not guilty and the jury found him guilty and assessed punishment at twenty (20) years in the Texas Department of Corrections. I would reverse and order the trial court to dismiss prosecution of this cause.

Appellant presents three grounds of error in which he alleges: (1) that his conviction in this case was prohibited and barred "by the double jeopardy provision of the Fifth Amendment to the United States Constitution, and Article I, section 14 of the Texas Constitution, and Articles 1.10 and 28.13 of the Texas Code of Criminal Procedure;" (2) that his prior conviction in Cause No. 5593 operated as a bar to the prosecution and trial of him in this case because his trial and conviction in this cause were based upon alleged offenses and transactions which were admitted into evidence in his trial in cause no. 5593 and which could have been used by the jury as the basis for their guilty verdict in cause no. 5593; and (3) that the trial court erred in denying his plea of former conviction and refusing to dismiss or abate this prosecution and forcing him to trial in this case.

Appellant was a 46 year old teacher and football coach at Gentry Junior High School in Baytown, Texas. In September, October and November of 1983 the complainant L_____ W_____ was thirteen (13) years old and a student in appellant's eighth grade science class. Appellant, who owned a van, became a close friend of the complainant and her classmate Christy Owens. On several occasions, he gave the girls rides home after the football games and times whenever they missed the school bus. He also took them to the night high school football games in Anahuac, Texas and drove them home.

On October 28, 1983, appellant called L_____ W_____ and later drove his van to her house to pick her up to go riding. Appellant then picked up Christy Owens. Later that night they picked up two other teenagers, Tina Crow and Michael Cody. Appellant gave money to Michael Cody to purchase beer at a Stop and Go store and they drove around for a couple of hours drinking. They stopped at the E–Z Mart and Tina met a man, Gary Ferguson, whom she knew. Ferguson invited them to his house which was located on Highway 146 in Chamber County, Texas. During the time they were at Gary Ferguson's house appellant took L_____ W_____ upstairs into a bedroom and he had sexual intercourse with her. Appellant left Gary Ferguson's house at approximately 2:30 a.m. (on October 29, 1983), and he took L_____ W_____ and Christy Owens to a motel on Interstate 10. He had sexual intercourse with L_____ W_____ that night while Christy Owens slept in a bed next to the bed appellant and L_____ W_____ slept in.

On November 6, 1983, appellant once again picked up L_____ W_____ and Christy Owens at Christy's house. He drove them to Tina Crow's house. At Tina's house there were three other teenagers and Tina. Appellant and the others drank beer and whiskey which was provided by appellant. Later that night, appellant gave Michael Cody money and the keys to his van to get more beer. Appellant also requested that all the teenagers go with Michael. While the others were gone, appellant once again had sexual intercourse with L_____ W_____. While appellant and L_____ W_____ were engaging in sexual intercourse in one of the bedrooms, Mrs. Wallace, Tina's mother came in and caught them in bed together.

Mrs. Wallace called the police and appellant was arrested.

This evidence was presented in both cases by testimony of the complainant L———— W———— and the teenage witnesses, Christy Owens, Michael Cody and Tina Crow.

On August 30, 1984, in the 344th District Court of Chambers County, Texas, appellant was convicted in cause no. 5593 of aggravated sexual assault that occurred on or about November 6, 1983. He was assessed a sentence of thirty (30) years in the Texas Department of Corrections. This conviction was reversed and remanded by this Court on November 21, 1984. *Johnson v. State*, 702 S.W.2d 691 (Tex.App.—Houston [14th Dist.] 1984). The State has filed petition for discretionary review with the Texas Court of Criminal Appeals No. 145–86, which is now pending review.

Both appellant and the State have asked us to take notice and to include in our record for review, the trial court transcript, statement of facts and the briefs that were before this court in cause no. 14–84–691–CR. I have reviewed the record of *Johnson v. State*, 702 S.W.2d 691 (Tex.App.—Houston [14th Dist.] 1984) in deciding this cause.

Appellant appeared for trial on November 26, 1984 to be tried for the offense of sexual intercourse with L———— W———— who was under the age of fourteen (14) and not the spouse of appellant. The date and place of the offense alleged in indictment number 5605 was on or about October 28, 1983 in Chambers County, Texas. Appellant, prior to trial, presented to the court a "Plea of Former Conviction" which was denied. Appellant was tried and found guilty by the jury which assessed punishment, at twenty (20) years confinement.

Appellant's "Plea of Prior Conviction" argued that prosecution in cause no. 5605 was barred by the Double Jeopardy provisions of the Fifth Amendment to the United States Constitution and Article I Section 14 of the Texas Constitution, and Articles 1.10 and 28.13 of the Texas Code of Criminal Procedure on the grounds that the offense alleged in the indictment in this case is the same offense as that alleged in cause no. 5593 for which appellant was previously indicted, tried and convicted on August 30, 1984.

Both cases are appeals from convictions for Aggravated Sexual Assault from the 344th Judicial District Court of Chambers County. Both convictions were based upon acts of sexual intercourse between this appellant, Robert Ralph Johnson, and the female L———— W———— who was younger than fourteen years of age.

The indictment in this case (Cause No. 5605 in the Trial Court) alleged that "Robert Ralph Johnson on or about the 28th day of October 1983 ... did ... intentionally and knowingly cause the penetration of the vagina of L———— W———— a female who was then and there younger than 14 years of age ... by the penis of ROBERT RALPH JOHNSON."

The indictment in Cause No. 5593 alleged that "ROBERT RALPH JOHNSON on or about the 6th day of November, 1983 ... did ... intentionally and knowingly cause the penetration of the vagina of L———— W————, who was then and there younger than fourteen years of age ... by the penis of ROBERT RALPH JOHNSON."

The only difference between the two indictments is the "on or about" date on which the offenses were alleged to have been committed.

The court's charge to the jury was identical in both cases, the only difference was the "on or about" dates.

In this case, Cause No. 5605, it was "on or about" October 28, 1983. In Cause No. 5593 it was "on or about" November 6, 1983.

Appellant argues that in cause no. 5605, the "on or about" October 28, 1983 offense was or could be the "same offense" as Cause No. 5593, the "on or about November 6, 1983 offense, and the jury that convicted him in Cause No. 5593 heard evidence of the act or offense alleged in Cause No. 5605 and could have based its verdict

on either act and considered them both when it assessed punishment. Appellant argues that because of this the State is prohibited from prosecuting him over again for the "on or about" October 28, 1983 offense. I agree.

In both trials, the State elicited testimony as to three separate acts of intercourse with L_____ W_____, twice on October 28, 1983 and once on November 6, 1983. The rule is well settled that in prosecutions for aggravated sexual assault with a child it is permissible for the State to show that the accused, either prior or subsequent to the date charged, committed other acts of intercourse upon the female under the age of consent. *Bates v. State,* 165 Tex.Cr.R. 140, 305 S.W.2d 366 (1957); *Johns v. State,* 155 Tex.Cr.R. 503, 236 S.W.2d 820 (1951).

It is also well settled that the State is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation. *Grantom v. State,* 415 S.W.2d 664 (Tex.Crim. App.1967); Tex.Code Crim.Proc.Ann. art. 21.02(6) (Vernon 1966). The limitation period applicable to the offense charged here is five (5) years anterior to the presentment of the indictment. Tex.Code Crim.Proc. Ann. 12.01(3)(C) (Vernon Supp.1986).

Where the indictment alleges one offense, in one count, and the evidence discloses two or more acts of intercourse, each of which is a distinct completed offense for which the defendant may be convicted, the State may elect, or be compelled to elect, as to which act it will rely on for conviction. *Bates v. State, supra; Rivas v. State,* 496 S.W.2d 600 (Tex.Crim.App. 1973).

In *Lozano v. State,* 159 Tex.Cr.R. 613, 266 S.W.2d 147 (1954), where evidence as admitted, in prosecution for lascivious fondling by defendant of a male under the age of 14, of acts of fondling which occurred prior to the acts charged, for purpose of showing the unnatural attitude of defendant, the Court of Criminal Appeals stated the any attempt to secure a second conviction of defendant because of the acts previously occurring and as to which evidence had been introduced might constitute former jeopardy, in view of the right of the State to rely upon any date within limitation period of crime charged and the introduction of evidence of such prior acts.

Where the indictment alleges one act of intercourse and the evidence reflects two or more acts, the State can obtain but one conviction. *Steele v. State,* 523 S.W.2d 685 (Tex.Crim.App.1975).

> "Where two or more similar but separate acts constituting separate offenses are placed in evidence under an indictment of information under which a conviction or either offense can be had, and neither the state nor the court elects one particular act on which conviction is sought, a plea of former conviction or of former acquittal is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction was had."

21 TEX.JUR.3d. *Criminal Law* § 1638 (1982); *Jones v. State,* 586 S.W.2d 542 (Tex.Crim.App.1979).

Double jeopardy clearly prohibits a subsequent conviction for separate and distinct offenses that are introduced into evidence at the first trial. *Jones v. State, supra.* The appellant was entitled to an instruction from the court limiting the jury's consideration of the extraneous offenses for the purposes for which they were admitted. *Hitchcock v. State,* 612 S.W.2d 930 (Tex. Crim.App.1981).

Appellant received the following limited jury instruction in both cases.

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses,

if any were committed, and even then you may only consider the same in determining the intent, motive, system, scheme, or design of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

This instruction only limited the jury's consideration of such evidence to the appellant's intent, motive, system, scheme, or design, but did not in any way identify or ascertain or distinguish which of the criminal offenses in evidence was to be the basis for their verdict; nor does it identify which criminal transaction the jury was to consider as to intent, motive, scheme or design.

This "limiting" instruction was not enough. The charge must clearly identify which one of the offenses in evidence upon which the jury is basing its verdict.

There was evidence introduced in the second case, (No. 5605, "on or about" October 28, 1983) that had been theretofore introduced in the first case, (No. 5593, "on or about" November 6, 1983), which was sufficient to sustain a conviction in the first case, No. 5593, and could have been used by the jury as a basis for either or both verdicts in both causes. Therefore, the prior judgment of conviction in cause no. 5593 operates as a bar to the prosecution and conviction in this cause.

Accordingly, I would reverse the judgment of the trial court and order the prosecution of this cause dismissed.