NO. 07-10-0130-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 

APRIL 19, 2011

_____________________________

 

 

JEREMY
ALLEN LANDERS,  

 

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 19TH DISTRICT COURT OF MCLENNAN COUNTY;

 

NO. 2009-611-C1; HONORABLE RALPH T. STROTHER,
PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

 

Before QUINN, C.J., and CAMPBELL
and PIRTLE, JJ.

            Jeremy Allen Landers was convicted
of aggravated sexual assault and solicitation of a minor.  In seeking to have those convictions
overturned, he claims that 1) the trial court erred in giving a limiting
instruction regarding testimony that the complainant recanted her allegations,
2) the trial court erred in refusing to admit evidence showing that the
complainant had knowledge of sexual matters before these alleged events
occurred, 3) the trial court erred in not admitting testimony from a
psychologist regarding a forensic interview she conducted of the complainant,
and 4) the evidence is factually insufficient to sustain the convictions.  We affirm.

            Background

            Appellant was convicted of offenses
against one of his new stepdaughters. 
The complainant’s mother elected not to believe the child, and
appellant’s defense centered around the child’s love of her biological father,
her dislike of her stepfather, her desire not to move out of state with her new
family, and her alleged recantations.

            Issue 1 – Limiting
Instruction

            In his first issue, appellant
contends the trial court erred in giving a limiting instruction to the jury
with respect to testimony regarding the child complainant’s recantations.   Per the instruction, the trial court told
the jury that it could consider the evidence only for impeachment purposes and
not as substantive evidence.  Appellant
argues that the instruction constituted a comment on the weight of the evidence
and reduced the burden of proof.  

            At the time the instructions were given,
no objection was made by appellant.  That
being so, appellant waived any complaint on appeal.  Johnson v. State, 709 S.W.2d 345, 347 (Tex. App.–Houston
[14th Dist.] 1986, pet. ref’d) (holding that a complaint as to a
limiting instruction was waived when no objection was made to the trial
court).  And, to the extent appellant
intimates that fundamental error need not be preserved via objection in the
trial court, he cites no authority intimating, much less holding, that a
limiting instruction like that at bar is fundamental error.  Indeed, the authority cited, Blue
v. State, 41 S.W.3d 129
(Tex. Crim. App. 2000), dealt with the court informing the jury venire that
jury selection was delayed because the defendant was engaging in plea
negotiations with the State.  Id.
at 130.  No one suggests that such a comment was made
here.  Nor does appellant provide us with
any substantive explanation as to why the instruction should be considered
fundamental error, assuming arguendo that it was error.  Thus, we overrule the issue.      

Issue 2 – Admission of
Evidence as to Sexual Knowledge of the Complainant

 Next, appellant
complains of the failure of the trial court to admit evidence from appellant’s
own daughter regarding prior conversations she had with the complainant about
sex.  One such conversation purportedly
included the topic of a “male fingering … a female.”  Another
instance allegedly involved a third party teaching the complainant how to
masturbate.  Though no formal bill of
exception was made, counsel indicated he would question the daughter as to
whether it was true that she and the complainant had conversations about the
noted topics.  The State objected on
various grounds including  the ground
that the evidence was hearsay for which there was no exception.  The trial court sustained the objection.  The court also opined that the evidence was
subject to exclusion under Rules of Evidence 608, 609 and 613.  Appellant now argues that the evidence was
admissible under Rule 412 of the Texas Rules of Evidence and the United States
Constitution.  We overrule the issue.

            When ruling upon evidentiary matters,
the trial court errs only if it abused its discretion.  Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001).  Discretion is abused only when
the decision falls outside the zone of reasonable disagreement.  Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).  And, the burden lies with the appellant to
establish that.  Webb v. State, 991 S.W.2d 408, 418 (Tex. App.–
Houston [14th Dist.] 1999, pet. ref’d).  

            As previously mentioned, the State
objected to the evidence as hearsay. 
Thus, it would be incumbent upon appellant to show why the comments were
not such.  However, he did not.  Instead, he argued that the evidence fell
outside the scope of Rule 412 of the Rules of Evidence, i.e, the rule prohibiting the admission of certain types
of evidence concerning the complainant’s past sexual behavior.  While certain evidence of past activities may
be admissible under Rule 412, the latter does not trump application of the
hearsay rules.  See
Kennedy v. State, 184
S.W.3d 309, 315 (Tex. App.–Texarkana 2005, pet. ref’d)
(holding that even if Rule 412 was misapplied by the trial court, the evidence
was nonetheless inadmissible hearsay).  

            Simply put, the proponent of hearsay
excluded by the trial court had the burden to establish the admissibility of
the evidence.  Taylor
v. State, 263 S.W.3d
304, 309 (Tex. App.–Houston [1st Dist.] 2007), aff’d,
268 S.W.3d 571 (Tex.
Crim. App. 2008).  Appellant failed to do
that here.  Nor did he attempt to debunk
the trial court’s belief that the evidence was subject to exclusion under Rules
608, 609 and 613 of the Rules of Evidence. 
So, we cannot say he satisfied his burden to prove an abuse of
discretion.

            Issue 3 – Testimony of Psychologist

            Appellant also complains of the trial
court’s failure to admit testimony from his forensic expert, Dr. Kristi Compton,
who conducted an interview of the complainant at the request of her
mother.  We overrule the issue for
several reasons.

            First, to the extent that appellant
contends on appeal that he was deprived of being able to have Compton “refute
or at least put in context much of the testimony by the State’s experts and . .
. to inform the jury as to what type of interviewing techniques were properly
followed or not . . . in the original forensic interview . . .,” he did not
make those arguments to the trial court. 
Thus, they were not preserved for review.  Tex. R.
App. P. 33.1(a)(1)(A) (stating that to preserve error, the complaint
must be made to the trial court by a timely request, objection, or motion that
states the grounds for the ruling that is sought with sufficient specificity to
make the trial court aware of the complaint); see Guevara v.
State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that the grounds asserted on appeal must
comport with those uttered at trial, otherwise they are waived).

            Second, and in response to the trial
court’s suggestion regarding how various statements made by the complainant to
the expert were to be presented, appellant’s trial counsel said, “that’s
fine.”  This is of import because the
method suggested did not include the expert personally testifying.  Thus, appellant effectively acquiesed in the
trial court’s decision to deny the expert opportunity to testify.  He cannot now complain about something to
which he agreed; if anything, that constitutes invited error.  Willeford v. State, 72
S.W.3d 820, 824 (Tex. App.–Fort Worth 2002, pet. ref’d)
(stating that an appellant cannot complain about error he invited).  

            Issue 4 – Sufficiency of
the Evidence

            Via his last issue, appellant
purports to attack the factual sufficiency of the evidence underlying his
convictions.  We overrule the issue for
several reasons.

            First, there is no longer a factual
sufficiency review.  The Court of
Criminal Appeals dispensed with it in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010).

            Second, and to the extent that the
allegation about the absence of evidence corroborating the child victim’s
testimony can be read as a challenge against the legal sufficiency of the
evidence supporting the solicitation verdict, we note the following.  It is true that one cannot be convicted of
solicitation under section 15.031 of the Texas Penal Code “on the
uncorroborated testimony of the minor allegedly solicited unless the
solicitation is made under circumstances strongly corroborative of both the
solicitation itself and the actor's intent that the minor act on the
solicitation.”  Tex. Penal Code Ann. §15.031(c) (Vernon Supp.
2010).  But, as
expressed in the statute, independent corroboration is needed only if the
solicitation is not made under circumstances which are themselves
strongly corroborative of both the solicitation and actor’s intent.  And, while appellant argues that there is no
evidence corroborating the victim’s testimony, he does not contest whether the
circumstances of the solicitation themselves strongly corroborate both the
solicitation and actor’s intent.  And,
until he argues and establishes that they do not, independent corroborative
evidence is unnecessary.

            Accordingly, the judgments of the
trial court are affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do
not publish.