NO. 07-10-0130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 19, 2011
_____

JEREMY ALLEN LANDERS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 19TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2009-611-C1; HONORABLE RALPH T. STROTHER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jeremy Allen Landers was convicted of aggravated sexual assault and solicitation of a minor. In seeking to have those convictions overturned, he claims that 1) the trial court erred in giving a limiting instruction regarding testimony that the complainant recanted her allegations, 2) the trial court erred in refusing to admit evidence showing that the complainant had knowledge of sexual matters before these alleged events occurred, 3) the trial court erred in not admitting testimony from a

psychologist regarding a forensic interview she conducted of the complainant, and 4) the evidence is factually insufficient to sustain the convictions. We affirm.

*Background*

Appellant was convicted of offenses against one of his new stepdaughters. The complainant's mother elected not to believe the child, and appellant's defense centered around the child's love of her biological father, her dislike of her stepfather, her desire not to move out of state with her new family, and her alleged recantations.

*Issue 1 – Limiting Instruction*

In his first issue, appellant contends the trial court erred in giving a limiting instruction to the jury with respect to testimony regarding the child complainant's recantations. Per the instruction, the trial court told the jury that it could consider the evidence only for impeachment purposes and not as substantive evidence. Appellant argues that the instruction constituted a comment on the weight of the evidence and reduced the burden of proof.

At the time the instructions were given, no objection was made by appellant. That being so, appellant waived any complaint on appeal. *Johnson v. State,* 709 S.W.2d 345, 347 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd) (holding that a complaint as to a limiting instruction was waived when no objection was made to the trial court). And, to the extent appellant intimates that fundamental error need not be preserved via objection in the trial court, he cites no authority intimating, much less holding, that a limiting instruction like that at bar is fundamental error. Indeed, the authority cited, *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000), dealt with the court informing the jury venire that jury selection was delayed because the defendant was

2

engaging in plea negotiations with the State. *Id.* at 130. No one suggests that such a comment was made here. Nor does appellant provide us with any substantive explanation as to why the instruction should be considered fundamental error, *assuming arguendo* that it was error. Thus, we overrule the issue.

*Issue 2 – Admission of Evidence as to Sexual Knowledge of the Complainant*

Next, appellant complains of the failure of the trial court to admit evidence from appellant's own daughter regarding prior conversations she had with the complainant about sex. One such conversation purportedly included the topic of a "male fingering … a female." Another instance allegedly involved a third party teaching the complainant how to masturbate. Though no formal bill of exception was made, counsel indicated he would question the daughter as to whether it was true that she and the complainant had conversations about the noted topics. The State objected on various grounds including the ground that the evidence was hearsay for which there was no exception. The trial court sustained the objection. The court also opined that the evidence was subject to exclusion under Rules of Evidence 608, 609 and 613. Appellant now argues that the evidence was admissible under Rule 412 of the Texas Rules of Evidence and the United States Constitution. We overrule the issue.

When ruling upon evidentiary matters, the trial court errs only if it abused its discretion. *Burden v. State,* 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). Discretion is abused only when the decision falls outside the zone of reasonable disagreement. *Walters v. State,* 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). And, the burden lies with the appellant to establish that. *Webb v. State,* 991 S.W.2d 408, 418 (Tex. App.– Houston [14th Dist.] 1999, pet. ref'd).

As previously mentioned, the State objected to the evidence as hearsay. Thus, it would be incumbent upon appellant to show why the comments were not such. However, he did not. Instead, he argued that the evidence fell outside the scope of Rule 412 of the Rules of Evidence, *i.e,* the rule prohibiting the admission of certain types of evidence concerning the complainant's past sexual behavior. While certain evidence of past activities may be admissible under Rule 412, the latter does not trump application of the hearsay rules. *See Kennedy v. State,* 184 S.W.3d 309, 315 (Tex. App.–Texarkana 2005, pet. ref'd) (holding that even if Rule 412 was misapplied by the trial court, the evidence was nonetheless inadmissible hearsay).

Simply put, the proponent of hearsay excluded by the trial court had the burden to establish the admissibility of the evidence. *Taylor v. State,* 263 S.W.3d 304, 309 (Tex. App.–Houston [1st Dist.] 2007), *aff'd,* 268 S.W.3d 571 (Tex. Crim. App. 2008). Appellant failed to do that here. Nor did he attempt to debunk the trial court's belief that the evidence was subject to exclusion under Rules 608, 609 and 613 of the Rules of Evidence. So, we cannot say he satisfied his burden to prove an abuse of discretion.

*Issue 3 – Testimony of Psychologist*

Appellant also complains of the trial court's failure to admit testimony from his forensic expert, Dr. Kristi Compton, who conducted an interview of the complainant at the request of her mother. We overrule the issue for several reasons.

First, to the extent that appellant contends on appeal that he was deprived of being able to have Compton "refute or at least put in context much of the testimony by the State's experts and . . . to inform the jury as to what type of interviewing techniques were properly followed or not . . . in the original forensic interview . . .," he did not make

4

those arguments to the trial court. Thus, they were not preserved for review. TEX. R. APP. P. 33.1(a)(1)(A) (stating that to preserve error, the complaint must be made to the trial court by a timely request, objection, or motion that states the grounds for the ruling that is sought with sufficient specificity to make the trial court aware of the complaint); *see Guevara v. State,* 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that the grounds asserted on appeal must comport with those uttered at trial, otherwise they are waived).

Second, and in response to the trial court's suggestion regarding how various statements made by the complainant to the expert were to be presented, appellant's trial counsel said, "that's fine." This is of import because the method suggested did not include the expert personally testifying. Thus, appellant effectively acquiesed in the trial court's decision to deny the expert opportunity to testify. He cannot now complain about something to which he agreed; if anything, that constitutes invited error. *Willeford v. State,* 72 S.W.3d 820, 824 (Tex. App.–Fort Worth 2002, pet. ref'd) (stating that an appellant cannot complain about error he invited).

*Issue 4 – Sufficiency of the Evidence*

Via his last issue, appellant purports to attack the factual sufficiency of the evidence underlying his convictions. We overrule the issue for several reasons.

First, there is no longer a factual sufficiency review. The Court of Criminal Appeals dispensed with it in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

Second, and to the extent that the allegation about the absence of evidence corroborating the child victim's testimony can be read as a challenge against the legal sufficiency of the evidence supporting the solicitation verdict, we note the following. It is

5

true that one cannot be convicted of solicitation under section 15.031 of the Texas Penal Code "on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation." TEX. PENAL CODE ANN. §15.031(c) (Vernon Supp. 2010). But, as expressed in the statute, independent corroboration is needed only if the solicitation is not made under circumstances which are themselves strongly corroborative of both the solicitation and actor's intent. And, while appellant argues that there is no evidence corroborating the victim's testimony, he does not contest whether the circumstances of the solicitation themselves strongly corroborate both the solicitation and actor's intent. And, until he argues and establishes that they do not, independent corroborative evidence is unnecessary.

Accordingly, the judgments of the trial court are affirmed.


Brian Quinn
Chief Justice


Do not publish.