## Staunton.

### CHARLES STUMP V. COMMONWEALTH.

September 20, 1923.

1. RAPE—*Statutory Rape.*—An indictment for rape alleged the age of the prosecutrix as under fifteen years. It was objected to this indictment that it contained only one count, and charged two separate and distinct offenses, in that it failed to allege whether the prosecutrix was over fourteen years of age.

   *Held:* That it was clear that the indictment charge only one offense, the statutory crime of rape, under Acts 1918, p. 139.

2. RAPE—*Statutory Rape—Age of Consent—Acts 1918, p. 139.*—In Virginia the age of consent is fifteen years. Under that age a child cannot legally consent to the act, and constructive force is present, even though she does in fact consent. The statute (Acts 1918, p. 139) in this State recognizes what may be termed a qualified consent between the ages of thirteen and fifteen, and graduates the punishment accordingly, but this does not affect the classification or designation of the offense.

3. RAPE—*Statutory Rape—Age of Consent.*—In a prosecution for statutory rape the indictment alleged that the prosecutrix was under the age of fifteen, but failed to allege whether she was over fourteen years of age. The court expressly charged the jury that the evidence did not warrant a verdict upon the theory that the prosecutrix did not consent, and the jury fixed the minimum punishment.

   *Held:* That the defendant was not in any way prejudiced by the failure to allege the exact age of the prosecutrix.

4. RAPE—*Statutory Rape—Evidence—Subsequent Intercourse.*—The authorities are in conflict upon the general question as to whether, in a prosecution for statutory rape, evidence may be admitted of intercourse between the accused and the prosecutrix subsequent to the act upon which the prosecution is based. The better doctrine is that where the consent of the prosecutrix is immaterial, such evidence is admissible as tending to show the disposition of the defendant with respect to the particular act charged.

5. RAPE—*Instructions—Punishment.*—In a prosecution for statutory rape, the court instructed the jury that if the defendant "carnally knew the prosecutrix, Violet Ann Short, on the — day of April, 1921, and

that the said Violet Ann Short was, at the time of such carnal knowledge, a female child under the age of fifteen years, you shall find the said defendant guilty, regardless of whether or not force was used by him in the accomplishment thereof, and regardless of whether or not the same was with or without the consent of the said Violet Ann Short, and shall fix his punishment at confinement in the penitentiary not less than five nor more than twenty years." It was objected that this instruction was contrary to the statute which provides that carnal knowledge by actual force, regardless of the age of the prosecutrix, may be punishable with death.

   *Held:*   That while as an abstract proposition this criticism was sound, the error was not one of which the accused could complain. The verdict was for the minimum punishment. The evidence showed that the prosecutrix was fourteen years of age, and the case was one of constructive, and not actual, force.

6.  INSTRUCTIONS—*Repetition.*—It is not error to refuse to give an instruction the substance of which is fully covered by instructions given.

7.  RAPE—*Evidence—Corroboration of Prosecutrix.*—There is no rule of law (except by statute, and we have none in Virginia) which forbids a conviction for rape upon the uncorroborated testimony of the female. The question of her credibility is one for the jury to settle.

Error to a judgment of the Circuit Court of Giles county.

*Affirmed.*

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The indictment in this case charged "that Charles Stump, on the ........................... day of April, 1921, in the county aforesaid, with force and arms, in and upon one Violet Annie Short, a female child under the age of

fifteen years, to-wit, the age of _____ years, feloniously did make an assault, and her the said Violet Annie Short, then and there, to-wit, on the day and year aforesaid, unlawfully and feloniously did carnally know and abuse."

The jury found the defendant "guilty as charged in the within indictment," fixing his punishment at five years in the penitentiary, and he was sentenced in accordance with the verdict.

[1-3] 1. The court overruled a demurrer to the indictment, and this is assigned as error. The record does not show that any ground for the demurrer was assigned in the lower court. The ground here relied on is that the indictment contains only one count, and charges two separate and distinct offenses, in that it fails to allege whether the prosecutrix was over fourteen years of age.

Section 3680 of the Code (Acts 1918, p. 139), so far as material here, is as follows: "If any person carnally know a female at fifteen years or more of age against her will, by force, or carnally know a female child under that age or a female inmate of any hospital for the insane, who has been adjudged a lunatic, or any female who is an inmate of a deaf, dumb, or blind institution, who is a pupil therein, he shall, in the discretion of the jury, be punished with death or confinement in the penitentiary not less than five nor more than twenty years. But, if such female child be over the age of fourteen years and not an inmate of such hospital for the insane or institution, and consents to the carnal knowledge, the punishment shall be confinement in the penitentiary not less than five nor more than twenty years."

It is clear that the indictment charges only one offense, *i. e.*, the statutory crime of rape upon a female

child.   The statute is fully considered in the recent case of *Buzzard* v. *Commonwealth*, 134 Va. 641, 651, 114 S. E. 664, 666-7.   In that case we said: "We have no difficulty in holding that if the prosecutrix was under fifteen years of age, regardless of whether she was under fourteen, the act of the defendant was an attempted rape.   It is true that force, actual or constructive, is essential to the crime of rape, and that there is no force where the female is legally capable of giving her consent, and does so.   But in Virginia the age of consent is fifteen years.   Under that age she cannot legally consent to the act, and constructive force is present, even though she does in fact consent.   The statute in this State recognizes what may be termed a qualified consent between the ages of thirteen and fifteen, and graduates the punishment accordingly, but this does not affect the classification or designation of the offense. See Minor's Synop. Crim. Law, p. 72."

Furthermore, the defendant was not in any way prejudiced by the failure of the indictment to allege the exact age of the prosecutrix.   The court expressly charged the jury that the evidence did not warrant a verdict upon the theory that the defendant carnally knew the prosecutrix without her consent, and they fixed the minimum punishment.

2. The second error assigned is that the court refused to require the Commonwealth to amend the indictment so as to show the age of the prosecutrix.   What we have said as to the first assignment is sufficient to dispose of this one.

[4] 3. The indictment charged that the offense was committed on the ................ day of April, 1921.   The prosecutrix testified that the defendant had intercourse with her twice, first on the 16th of April, 1921, and next on the 2nd day of May, 1921.   Her testimony as to the

second act of intercourse was objected to, and its admission constitutes the ground of the third assignment of error.

This is a case of statutory rape. The question of the consent of the prosecutrix is immaterial, first, because the evidence shows that she was fourteen years old, and, therefore, could only give what we called in the *Buzzard Case, supra,* a qualified consent; and, second, because the evidence showed that she did give such consent, and the court so instructed the jury. The authorities are in conflict upon the general question as to whether, in a prosecution for statutory rape, evidence may be admitted of intercourse between the accused and the prosecutrix subsequent to the act upon which the prosecution is based. The better doctrine, as we think, is that where, as here, the consent of the prosecutrix is immaterial, such evidence is admissible as tending to show the disposition of the defendant with respect to the particular act charged. There is ample authority for this view. 1 Wig. Ev., secs. 399, 402 (3); 16 C. J., p. 608; Note, 48 L. R. A. (N. S.) 236-7.

[5] 4. The giving of the following instruction on behalf of the Commonwealth, over the defendant's objection, is assigned as error, to-wit:

"The court instructs the jury that if you shall believe from the evidence that the defendant, Charles Stump, carnally knew the prosecutrix, Violet Ann Short, on the ........................day of April, 1921, and that the said Violet Ann Short was, at the time of such carnal knowledge, a female child under the age of fifteen years, you shall find the said defendant guilty, regardless of whether or not force was used by him in the accomplishment thereof, and regardless of whether or not the same was with or without the consent of the said Violet

Ann Short, and shall fix his punishment at confinement in the penitentiary not less than five nor more than twenty years."

It is said that this instruction is contrary to the statute which provides that carnal knowledge by actual force, regardless of the age of the prosecutrix, may be punishable with death.    As an abstract proposition, this criticism is sound, but the error is not one of which the accused can complain.    The evidence showed that the prosecutrix was fourteen years old, and that the case was one of constructive and not actual force. The court so informed the jury by another instruction, and there was no harmful error, even to the Commonwealth, in limiting the maximum punishment, as the instruction did, to twenty years in the penitentiary. The verdict was for the minimum punishment, and we do not think the instruction, in any view of the case, could have prejudiced the defendant.    Upon the evidence, the instruction was in accord with the decision of this court in *Buzzard's Case, supra.*

[6] 5. The fifth assignment complains of the action of the court in refusing to give an instruction the substance of which was fully covered by the instructions as given.

[7] 6. Assignments 6 and 6-a merely repeat, in different form, contentions which have already been disposed of adversely to the defendant.    The only remaining question to be decided is whether the court erred in refusing to set aside the verdict of the jury; and we find no error in this respect.    The evidence was conflicting, and upon the main fact it may be said that the verdict is supported only by the testimony of the prosecutrix.    She was corroborated upon certain incidental and collateral matters, but not as to the fact of intercourse with the defendant, and he denied that fact.

There is no rule of law, however (except by statute, and we have none in Virginia), which forbids a conviction for rape upon the uncorroborated testimony of the female.   The question of her credibility is one for the jury to settle.   22 R. C. L., p. 1222; 23 Am. & Eng. Ency. L., p. 884, *State* v. *Rice;* 83 W. Va. 409, 98 S. E. 432.

The jury was fully and correctly instructed, the evidence was sufficient to support the verdict, and the judgment must be affirmed.

*Affirmed.*