**Richmond**

ROBERT EARL MARSHALL

v.

COMMONWEALTH OF VIRGINIA

No. 0955-85

Decided November 4, 1987

COUNSEL

Michael HuYoung (Jane Chittom, Third-Year Student Practitioner, on brief), for appellant.

Russell C. Williams, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J. — Robert Earl Marshall (appellant) appeals from a judgment of the Circuit Court of Richmond (trial court) which approved a July 16, 1985 jury verdict convicting him of rape of a female (victim) under the age of fourteen years. The indictment,[1] returned by a grand jury on April 1, 1985, charged that "within the last five and a half years prior to the date of this indictment Robert Earl Marshall did feloniously and unlawfully rape (victim),[2] age thirteen."

Previously, on May 3, 1985, in the City of Richmond, appellant was convicted of rape of this same victim pursuant to an indictment[3] which charged specifically that the rape occurred on March 3, 1985, a date within the time frame of the second indictment. At his second trial, prior to his arraignment and any evidence being introduced, appellant moved to dismiss the second indictment, claiming double jeopardy as a bar. He asserted that the evidence required for a conviction would necessarily be the same as was presented at the trial pursuant to the first indictment. The Commonwealth does not challenge appellant's statement that a reading of the trial transcripts discloses that essentially the same evidence

---

[1] Referred to herein as the "second indictment."
[2] The use of her name is not necessary to this opinion.
[3] Referred to herein as the "first indictment."

was presented in each case.[4] Appellant also moved that all evidence of the March 3, 1985 rape upon which the first conviction was obtained should be excluded in the trial of the charges made in the second indictment.

In response to appellant's motions the trial court addressed the following remarks to the prosecutor: "I take it you will proffer evidence of that (the March 3, 1985 rape) in today's case by way of showing scheme, plan, motive, attitude, intent, attitude of the defendant towards the victim." The court then denied both motions and ruled that the evidence of the March 3 incident "should not be as detailed as in the last trial." No definitive limitation was expressed.

The victim, who was fourteen at the time of the second trial, testified in the second trial that appellant first had intercourse[5] with her when she was eight years old. She described appellant's act by stating that he "placed his penis in my vagina," and that it would happen "about every other day" over a five year period. When asked when was the last time "that this occurred," she responded that it was Saturday,[6] March 3, 1985, at 1500 North 20th Street, in her bed at about five o'clock in the morning.[7] She related that she awakened and found appellant on top of her having intercourse with her. She described her clothing as only a nightgown and his as only "underdrawers."

When the victim's mother testified in the second trial that on Sunday, March 3, 1985, she saw appellant leave victim's bedroom at exactly 5:37 a.m., clothed only in his underwear, counsel for appellant objected. Notwithstanding that the trial court ruled that she could testify that a complaint was made by the victim but not the details thereof, the prosecution elicited detailed testimony of

---

[4] The trial court entered an order attempting to incorporate the record of the first case as a part of this record. The order was dated "1/6/85." It was received in the clerk's office of this Court on January 13, 1986. A review of the relevant dates discloses that "1/6/85" is an erroneous date as it preceded both trial dates. Apparently, the order was actually entered on January 6, 1986. The trial court was without jurisdiction to enter such an order on that date and we therefore do not consider the record of the first trial.

[5] The victim testified that each time she used the word "intercourse" she meant "put his penis in my vagina."

[6] The victim referred to March 3, 1985 as Saturday. Her mother testified that it was Sunday.

[7] The jury was not informed that appellant was convicted for that offense.

the events of March 3:

BY MS. BREIT:

Q You went to (victim)?

A Yes.

Q And where was she?

A In her bed.

Q What was she doing?

A She was laying there. I said, what was your daddy doing in here and she said or she laid there a few minutes *and she said that he had his penis in her vagina.* I asked her, I said, what did you say? She said or told me again . . . . (emphasis added).

The witness was then permitted to give further details of her taking the victim to the emergency room for a physical examination.[8]

When the Commonwealth rested appellant moved to strike the evidence on the ground of double jeopardy, arguing that the mother's testimony concerning what the victim said went into too much detail, exceeded the admonition of the trial court, and did not meet the requirements of "the fresh complaint evidence rule." The motion was denied, whereupon appellant rested and renewed his motion.[9] On motion of appellant the trial court agreed to grant a written instruction to the jury that they were not to try appellant for the March 3, 1985 incident.

The jury returned a verdict of guilty. Appellant's motion to set aside the verdict as being contrary to the law and evidence was denied.

The Commonwealth argues that the second indictment was valid on its face and that appellant's Instruction 6, considered with certain precautionary oral statements made by the trial court during the course of the second trial, was sufficient to overcome

---

[8] The only relevancy of this evidence would be to show that the victim was raped on March 3, 1985.

[9] The transcript does not disclose that the trial court ruled on the renewed motion, the court's response being, "Then we will go over the instructions."

any questions of admissibility or the defense of double jeopardy.[10]

Appellant claims that since he previously was convicted for the rape which occurred on March 3, 1985, evidence of that rape could not be used against him in a trial charging him with rape of the same victim within five and a half years immediately preceding April 1, 1985. He asserts that such use of evidence of the March 3, 1985 rape violated the double jeopardy provisions of the United States and Virginia Constitutions.

 It is well settled that evidence of other offenses is inadmissible to prove the offense for which the defendant is being tried as the tendency of such evidence to inflame and prejudice the jury may outweigh its evidentiary value. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Williams v. Commonwealth*, 203 Va. 837, 840, 127 S.E.2d 423, 426 (1962). However, while the stated rule has general acceptance, exceptions thereto are equally well established:

> Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part. Frequently it is impossible to give a connected statement showing the crime charged without incidental reference to such contemporaneous and similar crimes and where there is only such incidental disclosure of other offenses.

*Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805.

Support for the position of the Commonwealth also may be found in *Stump v. Commonwealth*, 137 Va. 804, 808, 119 S.E.

---

[10] The Commonwealth's argument relies in part on statements made by the trial court when it considered the pretrial motions relative to double jeopardy and exclusion of evidence of the events of March 3, 1985, wherein the court noted that evidence of those events was to be proffered only for the purpose of determining scheme, plan, motive, attitude, intent, or attitude of the defendant towards the victim.

72, 73 (1923):

> The authorities are in conflict upon the general question as to whether, in a prosecution for statutory rape, evidence may be admitted of intercourse between the accused and the prosecutrix subsequent to the act upon which the prosecution is based. The better doctrine, as we think, is that where, as here, the consent of the prosecutrix is immaterial, such evidence is admissible as tending to show the disposition of the defendant with respect to the particular act charged. There is ample authority for this view.

(citations omitted); *see also Waitt v. Commonwealth*, 207 Va. 230, 235, 148 S.E.2d 805, 809 (1966); *Day v. Commonwealth*, 196 Va. 907, 914, 86 S.E.2d 23, 26 (1955).

If the jury is properly instructed as to the purpose for which the evidence is admitted, and the limitation upon their consideration thereof, the Commonwealth is entitled to have the jury consider evidence as here given by the victim concerning the events of March 3, 1985.[11]

> [I]t is well settled that in a prosecution for incest, evidence of acts of incestuous intercourse between the parties other than those charged in the indictment or information, *whether prior or subsequent thereto*, is, if not too remote in point of time, admissible for the purpose of throwing light upon the relations of the parties and the incestuous disposition of the defendant toward the other party, and to corroborate the proof of the act relied upon for conviction . . . . The fact that some of the other offenses were remote in point of time from the act under investigation does not of itself render such evidence incompetent, where the acts were repeatedly done up to a comparatively recent period and were all apparently inspired by one purpose.

*Moore v. Commonwealth*, 222 Va. 72, 77, 278 S.E.2d 822, 825 (1981) (quoting *Brown v. Commonwealth*, 208 Va. 512, 516-17,

---

[11] Unless a question such as prior inconsistent statements is an issue, the testimony of the victim's mother concerning what she was told by the victim must be limited to the fact that the victim made a complaint that appellant had sexual intercourse with her on that date.

158 S.E.2d 663, 667 (1968)) (emphasis added). The trial court, however, must always make the jury aware of the specific purpose for which the evidence is admitted. In *Waitt*, Justice Buchannan, in approving admission of evidence of other offenses, said:

> The court specifically instructed the jury that this evidence was not to be considered for any purpose other than as it might tend to show the disposition of the defendant with respect to the particular act charged.

The *Waitt* opinion emphasized that the trial court "specifically instructed" the jury concerning the purpose for which such evidence was admitted. The requirement was adhered to in *Johnson v. State*, 709 S.W.2d 345 (Tex. Ct. App. 1986), and cited by the Commonwealth in support of its position. The facts and pleas are almost identical to those in the case before us. The Texas trial court gave the following limiting instruction:

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent, motive, system, scheme, or design of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

*Id.* at 347.[12] In affirming the conviction the Texas Court of Appeals held that the instruction "properly instructed the jury to convict only if they found appellant had committed the (charged) offense." *Id.*

---

[12] We quote from *Johnson* only to illustrate how a jury may be instructed on the limited purpose for which it may consider evidence of other offenses committed by a defendant, and do not mean to suggest that it is the law of the Commonwealth that before it considers such evidence the trier of fact must find by the standard of beyond a reasonable doubt that the defendant committed the other offenses. *See* E. Cleary, McCormick on Evidence, § 190 (3d ed. 1984).

In rejecting the double jeopardy plea the Texas court said:

The protection of the constitutional prohibition against former conviction or acquittal applies only where the second prosecution is for the same offense as that for which the person has already been in legal jeopardy. *The former trial must have been upon the same identical act for which the state is again seeking to prosecute the defendant. The same offense means the identical criminal act, not the same offense by name.*

*Id.* at 346 (emphasis added); *see also Martin v. Commonwealth*, 221 Va. 720, 723, 273 S.E.2d 778, 780 (1981). We find that the reasoning of the Texas court is applicable here and we reject appellant's assertion of double jeopardy.

The safeguard to a fair trial for a defendant who is confronted with properly admitted evidence of offenses for which he is not then being tried is in a *clear* and *specific* instruction, as given in *Johnson*, explaining the purpose for which the evidence is admitted and the limited consideration it may be given by the jury. Examination of the trial court's oral and written instructions to the jury in this case reveals that they fail in those respects. The trial court, in response to appellant's objection to the victim's mother's testimony concerning the March 3, 1985 events, said:

THE COURT: She can testify only as to the complaint and not to the details of the complaint. The jury understands that there are exceptions to the general rule. She can testify as to the complaint and not to the details. I trust the Commonwealth does not intend to go into the details. I would further say to the jury that the defendant today is not being tried on the incident of March 3rd. If you listen closely to the indictment being read, it covered a period of time five and a half years prior to the date of the indictment, no specific date. The evidence as to March 3rd is introduced for a limited purpose only. Please understand that the charge of rape does not today include March 3rd. You should not, if you were found guilty, be punished for the March 3rd offense. With that in there, proceed.

The trial judge's statement that "[t]he jury understands that there are exceptions to the general rule" is not supported by the record. The jury was not sufficiently informed as to the rule or the exceptions. In addition, the trial court's remark that "[t]he evidence as to March 3rd is introduced for a limited purpose only" did not adequately inform the jury of what the limited purpose was nor did it instruct the jury how it should consider such evidence. Moreover, the last sentence in the statement made by the trial court that "[y]ou should not, if you were found guilty, be punished for the March 3rd offense" did nothing to clarify the other statements. Finally, Instruction 6[13] given by the court made no reference to March 3, 1985 or the evidence of the events of that date, and was otherwise more likely to confuse than clarify the purpose for which the March 3 evidence was admitted.

In the concurring opinion in *Williams*, Justices Spratley and I'Anson wrote what we believe to be applicable here when evidence of offenses for which a defendant is not being tried is admitted for consideration by a jury:

> The guilt or innocence of the accused is not the issue before us. The issue here is whether or not he has had a fair and impartial trial according to the law. We do not think he has had such a trial, because of the failure of the trial court to instruct the jury that evidence of the accused's prior attack upon his wife could be considered only to show his motive or intent in making the murderous assault of December 4, 1960. It has been the long established rule in Virginia that in the trial of a criminal case, the Commonwealth may not generally offer testimony of a prior independent crime. That rule has been subject to certain exceptions, one of which is that such testimony may be admissible to show the motive or intent, which is connected with, or leads up to the offense for

---

[13] Instruction No. 6 reads as follows:

Evidence of acts of sexual intercourse for which the defendant is not being tried should be admitted, for only limited purposes. The jury should be permitted to consider such evidence, if it believes the evidence to be true, as showing the defendant's inclination to commit the act with which he is charged and as tending to corroborate the testimony of the alleged victim with respect to the act with which the defendant is charged. The jury should not be permitted to consider such evidence as proof of the defendant's guilt of any offense with which he is not charged, or as direct proof of the defendant's guilt of the offense with which he is charged.

which the accused is on trial.

The prior attack of the accused upon his wife was a separate and distinct offense, wholly unconnected with that for which he was on trial. *It was not admissible for the purpose of determining whether or not he committed the offense for which he was being tried; but was allowed to be introduced, as the Commonwealth's Attorney and the trial judge agreed, for the sole purpose of determining the motive or intent of the accused in committing the offense for which he was on trial.* But the Commonwealth offered no instruction, and the court gave none, limiting the jury in its consideration of the proof. The accused offered no such instruction; but both at the pre-trial conference and during the trial, he objected and excepted to the admission of the evidence for any purpose. This of itself was sufficient to warrant the trial court in properly instructing the jury. *As we see it, the admission of such evidence, in the absence of a limiting instruction to the jury, was prejudicial to the accused.*

203 Va. at 842-43, 127 S.E.2d at 427 (emphasis added) (citations omitted).

The Commonwealth argues that Instruction 6 was given at the request of appellant, and if not sufficient, it was not the error of the trial court but rather of appellant. "We adhere to the rule that the trial court is not required to amend or correct an erroneous instruction, but the rule is subject to the limitation that when the principle of law is materially vital to a defendant in a criminal case, it is reversible error for the trial court to refuse a defective instruction instead of correcting it and giving it in the proper form." *Whaley v. Commonwealth*, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973). The right of the defendant to a fair trial required that the trial court here instruct the jury in clear and specific terms as to the purpose for which the evidence of the events of March 3, 1985 was admitted and the limitations of the consideration thereof. We hold that in this case the instructions failed in that respect, and that having admitted such evidence it was error to fail to properly instruct the jury as to the limited purpose for which the evidence was admitted.

Accordingly, the judgment of the trial court is reversed and the cause remanded for such further action as the Commonwealth

may be advised.

*Reversed and remanded.*

Keenan, J., concurred.

Benton, J., concurring and dissenting.

I would reverse and dismiss the conviction on the ground that the prosecution of Marshall under the second indictment placed him twice in jeopardy for the same offense in violation of the Constitutions of the United States and Virginia. U.S. Const., amend V; Va. Const., art. I, § 6. The former jeopardy provisions of both constitutions forbid trying an individual for an offense identical to one for which he has already been convicted. *See Johnson v. Commonwealth*, 221 Va. 736, 740, 273 S.E.2d 784, 787, *cert. denied*, 454 U.S. 920 (1981); *see also Brown v. Ohio*, 432 U.S. 161, 165 (1977). For the purpose of applying this rule, offenses are "identical" if the facts required to convict of one would necessarily convict of the other. *Rouzie v. Commonwealth*, 215 Va. 174, 176, 207 S.E.2d 854, 856 (1974).

On May 3, 1985, Marshall was tried under the first indictment, which alleged the following:

On or about March 3, 1985, in the City of Richmond, Robert Earl Marshall did feloniously and unlawfully rape . . . [the victim], age thirteen. Va. Code § 18.2-61.[14]

At that jury trial the Commonwealth proved that Marshall raped the victim on March 3, 1985, and on every other day (or every weekend) starting when the victim was age eight. The evidence established that the victim became thirteen in July of 1984. The jury returned with a verdict of "guilty of rape as charged in the indictment."

---

[14] Prior to a 1986 amendment and at all times relevant to the issues in this appeal Code § 18.2-61 provided as follows:

If any person has sexual intercourse with a female or causes a female to engage in sexual intercourse with any person and such act is accomplished (i) against her will, by force, threat or intimidation, or (ii) through the use of the female's mental incapacity or physical helplessness, or (iii) with a female child under the age thirteen as the victim, he or she shall, in the discretion of the court or jury, be punished with confinement in the penitentiary for life or for any term not less than five years.

The second indictment, dated April 1, 1985, under which Marshall was tried on July 16, 1985, charged as follows:

[W]ithin the last five and a half years prior to the date of this indictment Robert Earl Marshall did feloniously and unlawfully rape [the victim], age thirteen. Va. Code § 18.2-61.

In my opinion the trial under the second indictment was constitutionally prohibited by the former jeopardy principles because, by operation of the wording of the second indictment, proof by the Commonwealth of acts constituting the offense of rape on *any* day within the five and a half year period prior to April 1, 1985, would support Marshall's conviction at the second trial. Obviously, this time span includes acts committed "on or about March 3, 1985," for which Marshall had already been tried and convicted under the first indictment. Thus, to the extent that the second indictment charges an offense which includes a rape occurring on or about March 3, 1985, the facts required to convict Marshall under the first indictment would necessarily convict him under the second indictment. Because both the first and second indictments charge Marshall with rape in violation of Code § 18.2-61, and because the verdict in the first trial stated merely "guilty of rape as charged in the indictment," it is immaterial to the former jeopardy analysis that the victim turned thirteen at some point during the period covered by the second indictment. Simply stated, Marshall was convicted of rape for his acts occurring on or about March 3, 1985 and then retried and convicted for the same offense stemming from the same acts. This is precisely the type of repeated prosecution condemned by the former jeopardy provisions.

If there was any doubt whether the offense for which Marshall was tried under the second indictment was identical to the offense for which Marshall was convicted in the first trial, both the evidence and the instructions by which the jury was charged in the first trial unequivocally dispose of that doubt.[15] During the first

---

[15] Although the Commonwealth asserted in its brief that "the circuit court made the record of the first trial part of the record in this case," the majority has determined that the trial judge's failure to enter a timely order precludes consideration of the record of the first trial on this appeal. I disagree.

Two days prior to the second trial, defense counsel filed a written plea of former jeopardy in which the "defendant further move[d] to make a part of the record in this matter

trial, in which Marshall was charged with rape "[o]n or about March 3, 1985," the Commonwealth introduced evidence tending to establish that Marshall had sexual intercourse with the victim as early as 1979 and continuing through April 1, 1985. Thus, the jury was presented with all of the acts that the Commonwealth later proved in gaining a second conviction.

At the first trial, the only attempt to limit the jury in considering the evidence of acts of sexual intercourse alleged to have taken place during the six year period occurred by giving the following confused instruction:

## Instruction No. 8

*Evidence of acts of sexual intercourse on March 3, 1985, for which the defendant is not being tried should be admitted, for only limited purposes.* The jury should be permitted to consider such evidence, if it believes the evidence to be true, as showing the defendant's inclination to commit the act with which he is charged and as tending to corroborate the testimony of the alleged victim with respect to the act with which the defendant is charged. *The jury should not be permitted to consider such evidence as proof of the defendant's guilt of any offense with which he is not charged, or as direct proof of the defendant's guilt of the offense with which he is charged.* (emphasis added)

Inexplicably, the instruction cautioned the jury that acts of sexual intercourse occurring on the very day mentioned in the indictment

the entire record of the trial proceedings against him on May 3, 1985 . . . for the purpose of his special plea of former jeopardy. . . ." The trial judge who signed the order incorporating the record of the first trial as a part of the record of the second trial presided at both trials and was familiar with the record. Furthermore, the assistant commonwealth's attorney who prosecuted both cases endorsed the order "seen" and, thus, expressed no objection to its entry. Assuming that the trial judge failed to enter a timely order on the record, I would grant leave to correct this oversight pursuant to Code § 8.01-428(B) and, accordingly, would deem the trial judge's order dated "1/6/85" (sic) sufficient to do so. *See Lamb v. Commonwealth*, 222 Va. 161, 279 S.E.2d 389 (1981); *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981); *Cutshaw v. Cutshaw*, 220 Va. 638, 261 S.E.2d 52 (1979); *Council v. Commonwealth*, 198 Va. 288, 94 S.E.2d 245 (1956).

Moreover, because the error that occurred in this case was so egregious and correction of the trial judge's oversight will not prejudice the Commonwealth, consideration of appellant's constitutional claim is warranted in order to attain the ends of justice. Rule 5A:18.

were admitted for limited purposes. Not only is it apparent that the instruction was ill-conceived, it is also inconceivable that the jury charged with this instruction did not consider as direct proof of Marshall's guilt under the first indictment all the acts alleged to have occurred during the six year period.

An examination of other instructions given to the jury at the first trial leads inexorably to the conclusion that the jury was not limited in its consideration of the evidence and was instructed as to the elements necessary to convict Marshall of either forcible rape or statutory rape.[16] Although the first indictment was written in terms that suggested that Marshall was being charged with

---

[16] Instructions 5, 7, and 9 charged the jury as follows:

Instruction No. 5

In this case, the age of [the victim] at the time of the alleged sexual intercourse is an essential element of the offense, as to statutory rape. In your consideration of this, the actual date of birth is controlling.

Instruction No. 7

The element of force, threat or intimidation required as to forcible rape must be sufficient to overcome any unwillingness on the part of [the victim] to have sexual intercourse.

Instruction No. 9

*The defendant is charged with the crime of rape. The Commonwealth must prove* beyond a reasonable doubt each of the following elements of that crime:

(1) *That the defendant had sexual intercourse with [the victim]; and*

(2) *That it was against her will; and*

(3) *That it was by force, threat or intimidation.*

If you find from the evidence that the Commonwealth had proven beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty and fix his punishment at confinement in the penitentiary for life or for any term no less than five (5) years.

If you find the Commonwealth has failed to prove any one or more of the elements of the offense beyond a reasonable doubt, then you shall find the defendant not guilty of rape.

*You may find the defendant guilty of statutory rape. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:*

(1) That the defendant had sexual intercourse with [the victim]; and

(2) *That at the time of the sexual intercourse she was less than thirteen years of age.*

If you find the Commonwealth has proven beyond a reasonable doubt each of the above elements of the offense, then you shall find the defendant guilty and fix his punishment at confinement in the penitentiary for life or for a term not less than five (5) years.

committing a rape on a specific date during a time when the victim was thirteen years of age, the jury apparently was instructed upon the theory (1) that the Commonwealth was not bound by the allegation of "on or about" in the indictment as to the date of the commission of the offense and (2) that the jury could convict Marshall of rape upon either proof of forcible rape or proof of sexual intercourse with the victim without force at any time when she was less than thirteen years of age, *i.e.* prior to July of 1984. *Cf. Pasanello v. Commonwealth*, 206 Va. 640, 647, 145 S.E.2d 200, 205 (1965); *Lear v. Commonwealth*, 195 Va. 187, 193, 77 S.E.2d 424, 427 (1953); *Anderson v. Commonwealth*, 190 Va. 329, 336, 57 S.E.2d 89, 92 (1950); *Harris v. Commonwealth*, 185 Va. 26, 34, 37 S.E.2d 868, 871 (1946); *Shaver v. Commonwealth*, 151 Va. 545, 547-551, 145 S.E. 377, 378 (1928); *Clinebell v. Commonwealth*, 3 Va. App. 362, 365, 349 S.E.2d 676, 678 (1986).

Because the Commonwealth introduced evidence to establish acts of rape occurring between 1979 and April 1, 1985, the jury was given the option to convict Marshall of either forcible rape or statutory rape. Marshall was subject to punishment for either forcible rape or statutory rape based on any act which was proved during that period. Thus, the jury's finding in the first trial that Marshall was "guilty of rape as charged in the indictment" bars a subsequent prosecution under the second indictment which charges:

If you find the Commonwealth has failed to prove element (2) of the offense beyond a reasonable doubt, then you shall find the defendant not guilty of statutory rape of [the victim] being less than thirteen years of age. *You may find the defendant guilty of statutory rape of [the victim] being less than fifteen years of age.* The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1) That the defendant had sexual intercourse with [the victim], and

(2) That at the time of the sexual intercourse she had not yet reached fifteen (15) years of age.

If you find the Commonwealth has proven beyond a reasonable doubt each of the above elements of the offense, then you shall find the defendant guilty and fix his punishment at confinement in the penitentiary for a term of not less than two (2) years nor more than (10) years.

If you find the Commonwealth has failed to prove any element beyond a reasonable doubt, then you shall find the defendant not guilty. (Emphasis added).

"within the last five and a half years prior to the date of this indictment Robert Earl Marshall did feloniously and unlawfully rape [the victim], age thirteen."

I would therefore reverse the decision of the circuit court with instructions to dismiss the second prosecution as constitutionally barred.

Even if I were to subscribe to the majority's position that the second prosecution was not constitutionally barred, I do not believe that evidence relating the events which occurred on March 3, 1985, should have been admitted at the second trial. Although such evidence may have been relevant insofar as it tended to prove the relationship between the defendant and his victim, *see, e.g., Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970), it is a well established maxim that relevant evidence, otherwise admissible, must be excluded where its probative value is outweighed by the prejudice which it engenders against the accused in the minds of the jurors. *See Williams v. Commonwealth*, 203 Va. 837, 840-41, 127 S.E.2d 423, 426 (1962).

The second indictment alleges that "within the last five and a half years prior to the date of this indictment . . . Marshall did . . . rape . . . [the victim], age thirteen." The time span of the offense charged under the second indictment included March 3, 1985, the date of the acts for which the majority opinion apparently concludes that Marshall had been convicted under the first indictment. The evidence concerning the incidents which occurred on March 3, 1985, if offered at the trial under the second indictment, would be sufficient to warrant a conviction under the second indictment because it proved an act of rape which occurred during the time alleged in the indictment. That such evidence is prejudicial in the highest degree is blatantly apparent. Although the Commonwealth asserts that such evidence is admissible only to show the disposition of Marshall to molest the victim, it is obvious that the evidence would weigh prominently in the jury's guilt deliberations. Furthermore, insofar as the victim testified at the second trial as to multiple incidents of intercourse that occurred during the "five and a half years prior to the date of [the] indictment," such testimony relating the events of March 3 was merely cumulative and therefore of little evidentiary value in establishing the relationship between Marshall and the victim.

Based on these factors, I believe if the Commonwealth could pursue a second prosecution, evidence of acts occurring on March 3 should have been excluded. Finally, I believe that it defies logic to suggest under the circumstances of this case that the jury could heed a cautionary instruction requiring it to ignore evidence of a rape which occurred during the time period covered by the indictment in determining whether Marshall committed another act of rape during the same time period.

Thus, even if I believed that Marshall could be tried under the indictment which charged that he raped the victim within the last five and a half years prior to the date of the indictment, I would nonetheless hold that evidence relating to acts occurring on March 3, 1985, was inadmissible at the second trial.