885 F.2d 864
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jesse A. BAIRD, Jr., Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 89-6581.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 5, 1989.
Decided Aug. 31, 1989.
 
 Jesse A. Baird, Jr., appellant pro se.
 Katherine Baldwin Toone, Office of the Attorney General of Virginia, for appellee.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jesse Baird was convicted of several charges alleging sexual misconduct with his daughter, Naomi, in Virginia Beach, Virginia. After exhausting state remedies, Baird filed a 28 U.S.C. Sec. 2254 petition. The magistrate conducted a thorough review of the record and recommended dismissal of the petition. The district court adopted that recommendation after de novo review of the numerous objections filed by Baird. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Baird raised two groups of claims in the district court: (1) numerous due process violations alleging perjury, insufficient evidence, and an improper prosecution, and (2) numerous allegations of ineffective assistance of counsel.
 
 
 3
 Regarding the due process violations alleged by Baird, we find, as did the district court, that, except for the attack on the sufficiency of the evidence, Baird failed to raise any of these claims in his direct appeal. Moreover, the Virginia Supreme Court refused to review these claims because of this default. See Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). This constitutes a procedural default and bars federal review. See Murray v. Carrier, 477 U.S. 478 (1986). Moreover, Baird's only "cause" for this default--that his lawyer was ineffective--was never separately raised in any Virginia court and thus, is not before us. Murray, 477 U.S. at 489. Therefore, all due process claims, except the sufficiency of the evidence claim, are barred.
 
 
 4
 The district court also held the sufficiency of the evidence claim to be barred based on the Virginia Supreme Court's refusal to reconsider this claim in Baird's state habeas petition on authority of Hawks v. Cox, 211 Va. 91, 175 S.E.2d 271 (1970). However, we do not consider the ruling by the Virginia Supreme Court to be a finding of procedural default. Rather, we think the application of the Hawks rule was merely a bar to relitigation of a claim that Baird clearly raised on direct appeal. Viewed this way, Baird has not failed to follow Virginia's procedural requirements and we are obligated to review the merits of his claim. In this respect, we utilize a favorable view to Naomi's testimony, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), and find ample evidence to support the conviction. Without elaboration, we note that Naomi's (uncorroborated) testimony identifies all the necessary elements and is sufficient. See Fisher v. Commonwealth, 228 Va. 296, 321 S.E.2d 202 (1984).
 
 
 5
 Baird also raises numerous allegations of ineffective assistance of counsel, which we address in turn:
 
 
 6
 (1) Failure to introduce the certified copy of the transcript of Naomi's preliminary hearing testimony. Baird notes several inconsistencies between Naomi's testimony at trial and her testimony at a preliminary hearing in Norfolk[1] regarding where the alleged acts took place, whom she told first about the alleged acts, and when the alleged acts took place. We acknowledge these inconsistencies and the close question of Baird's guilt. However, Baird is not entitled to relief under Strickland v. Washington, 466 U.S. 668 (1984), because his attorney did not perform in a deficient manner. That is, counsel attempted, with some degree of success, to impeach Naomi with her earlier testimony. Notwithstanding these efforts, counsel was thwarted by Naomi's lack of memory of her earlier testimony. We deem these partially successful efforts as within the range of competent representation in light of the obvious strategic and practical difficulties of thorough cross-examination of child abuse victims.
 
 
 7
 (2) Failure to defend against the introduction of similar other acts in California.[2] This claim is wholly meritless--defense counsel properly objected to the disputed evidence and, more importantly, the evidence is admissible under Virginia law. See Moore v. Commonwealth, 222 Va. 72, 278 S.E.2d 822 (1981); Marshall v. Commonwealth, 5 Va.App. 248, 361 S.E.2d 634 (1987).
 
 
 8
 (3) Improper argument. Baird contests counsel's argument during his motion to strike at the close of the state's evidence that suggested he was guilty of the other California crimes, but not guilty of the Virginia crimes. This claim cannot prevail because this case was tried non-jury and thus, the obvious problems with counsel's argument have little, if any, force. That is, judges are presumed to disregard improper evidence and argument, see Satterfield v. Zahradnick, 572 F.2d 443 (4th Cir.), cert. denied, 436 U.S. 920 (1978), and on the record presented, there is no evidence to overcome that presumption. Moreover, we note that this argument was clearly a tactical decision--counsel only made these comments at the motion to strike the state's case and then elicited testimony from Baird directly refuting the California charges. Therefore, Baird cannot establish that the outcome would have been different or that counsel's efforts were substandard and is not entitled to relief. See Strickland, 466 U.S. at 693-96.
 
 
 9
 (4) Failure to introduce expert medical evidence regarding the effects of anal intercourse. Baird argues that such evidence would undermine Naomi's testimony that he penetrated her anus and ejaculated. We disagree. Counsel adduced the testimony of Dr. Luter, who examined Naomi and concluded that there was no physical evidence supporting Naomi's allegations. Thus, any more evidence would only be cumulative. More importantly, we note that the alleged acts were not brought to light for seven months and counsel could not reasonably get any more useful evidence than what he already had from Dr. Luter, who first examined Naomi. Therefore, counsel's actions were not deficient.
 
 
 10
 (5) Failure to introduce expert medical testimony regarding ejaculation. We reject this claim because Baird has not presented any evidence that supports his contention that he could not have ejaculated three times in one night. Without this evidence, Baird's conclusory allegation does not meet the threshold requirement to allege deficient representation by counsel.
 
 
 11
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 
 12
 DISMISSED.
 
 
 
 [1]
 Baird was originally charged with committing acts in Norfolk, but on the eve of trial the charges were nol prossed by the state because it was apparent that the acts occurred in Virginia Beach. The preliminary hearing at issue here refers to the preliminary hearing on the Norfolk charges
 
 
 [2]
 Naomi testified that Baird fondled her when she visited him in California. Apparently these acts were never prosecuted in California and Baird claims that an investigation found the allegations to be unsubstantiated