# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Joseph Parker Lymore

November 21, 1997

Case No. CR97002130-00

BY JUDGE LYDIA CALVERT TAYLOR

Defendant was tried on a charge of aggravated sexual battery, pursuant to Virginia Code § 18.2-67.3, on August 22, 1997. This court, sitting without a jury, found the defendant guilty and set sentencing for December 12, 1997. During trial, the prosecution attempted to offer into evidence an exhibit the prosecutor said showed a prior criminal conviction for the defendant. This court refused to hear the proffer as to the record's contents and, after reading the case law and hearing arguments offered in support of and opposition to the admissibility of this type of evidence, refused to admit it. Although the court had provisionally indicated, when the proffer of the conviction was first mentioned by the Commonwealth, that it would grant a mistrial if the Commonwealth had misread the case law it was relying on, after a recess, the court reconsidered that suggestion. Thus, after the court rejected the proffer and the defendant moved for a mistrial, the court declined to grant the defendant's mistrial motion. For the reasons stated in this letter opinion, this court finds that a mistrial was not warranted in this case and that the undersigned did not need to recuse herself from hearing the case. Any prosecutorial misconduct did not rise to such a level that a mistrial would be

constitutionally required, and the court was able to put aside the improper proffer in reaching its decision of guilt.

After the victim in this case testified, and just before resting, the prosecution proffered evidence of an alleged past conviction of the defendant. This court refused to receive the evidence, as it properly should have done, based on Virginia evidentiary law. "The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged." *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272 (1970).

The two cases offered in support of the admissibility by the prosecutor, *Moore v. Commonwealth*, 222 Va. 72 (1981), and *Marshall v. Commonwealth*, 5 Va. App. 248 (1987), are inapposite here. In both, the defendant testified and, while admitting his presence with the victim at the time and place alleged, claimed that any touching the victim construed as sexual in nature was, in fact, an accident or mistake. In both, the Commonwealth was allowed to show, in rebuttal, prior sexual incidents involving the same defendant and victim to show the true motive of the defendant and his lack of mistake or accident. The exception is narrow. Here, the defendant never testified; thus, there was no claim of accident to rebut. Even if there had been, the Commonwealth did not offer evidence of an earlier incident with the same victim, as in *Moore* and *Marshall*, but rather a prior conviction, with no assertion that it involved the same victim. The court properly refused the evidence.

The issue is whether, having refused the proffer, the court should have granted a mistrial, recused itself from hearing the case on retrial, and had the case assigned to another judge. It is the court's opinion that such action was not required in this case. In *Flannery v. City of Norfolk*, 216 Va. 362 (1975), the Supreme Court of Virginia ruled that a mistrial was not warranted, even after allegedly inflammatory statements were made by the prosecutor and a witness, citing the training of judges to disregard prejudicial information: "We reject the defendant's contentions, even if we assume that the statements were improper. This was a bench trial and judges are suited by training and experience to disregard potentially prejudicial comments. We find no abuse of discretion in the denial of a mistrial." *Flannery*, 216 Va. at 368 (citations omitted). This court was well able to disregard any improper proffer of

evidence from the prosecutor in this case and was not swayed in its finding by the proffer.

By analogy, in a suppression hearing, a judge often hears inadmissible evidence, evidence which he or she decides to suppress, and then proceeds to hear the merits of the case and determine guilt or innocence, putting aside the inadmissible proffer he or she earlier heard. In addition, in the double jeopardy line of cases, several cases indicate that the same judge who heard the first trial may, in fact, be the best judge to hear the double jeopardy issue, or even the second trial in the case. In *Bennefield v. Commonwealth*, 21 Va. App. 729 (1996), the Court of Appeals stated:

> We find it significant that the trial judge who conducted the hearing on the double jeopardy issue was the same judge who presided at appellants' first trial. For that reason, he was better able to determine how the prosecution's case was progressing, and whether the prosecutor had any motivation or desire to cause a mistrial so as to gain a more favorable position at a new trial. *See Robinson [v. Commonwealth]*, 17 Va. App. [551,] 555 (noting that by having original trial judge hear double jeopardy argument better enabled judge to properly consider strength of Commonwealth's case at first trial and determine issues of credibility).

*Bennefield*, 21 Va. App. at 737. In a case similar to the instant case, the Court of Appeals stated, "We see no reason why a judge, fully aware of all facts relevant to an issue, should recuse himself from determining that issue simply because he may be called upon to question his own prior judgment or because he is familiar with the parties and the issues in question." *Kemph v. Commonwealth*, 17 Va. App. 335, 342 (1993) (citation omitted). This court sees no need for recusal in this matter.

It should be noted that, had a mistrial been granted, the facts of this case would not have risen to the threshold requirements for a double jeopardy bar based on prosecutorial misconduct. The prosecutor in the instant case was mistaken as to the law on admissibility of evidence, but this court is convinced that the mistake was just that, and not an intentional attempt to mislead the court or cause a mistrial. The standard for prosecutorial misconduct is that raised in the United States Supreme Court case of *Oregon v. Kennedy*, 456 U.S. 667 (1982). "Prosecutorial conduct, even if viewed as harassment or overreaching and sufficient to justify a mistrial, does not bar retrial absent proof of intent on the part of the prosecutor to subvert the

protections afforded by the double jeopardy clause." *Robinson* at 552-53 (citations omitted). "In Kennedy, the Supreme Court made it clear that the exclusive focus should not be on the fact of prosecutorial error or on the impact of such error upon a defendant, but only on the intent of the prosecutor in committing the error." *Id.* at 553 (citation and note omitted). " 'The question of whether prosecutorial misconduct was intended to provoke the defendant into seeking a mistrial is a factual question that is appropriately decided by the trial court.' The prosecutor's intent is a question of fact for the trial court to resolve." *Id.* at 555 (citation and note omitted). Finding no intent to create a mistrial, this court finds that not only was there no reason for a mistrial, but had one been granted, it would not have barred reprosecution.

Accordingly, this court will proceed to sentence this defendant as scheduled on December 12, 1997, pursuant to the finding of guilty pronounced by this court at the end of the trial.